GRIFFITH v. CROMLEY.

1. GUARDIAN AD LITEM—PARTITION.—An appointment of guardian *ad litem* to bring action for partition may be used in a second action for that purpose, where the first summons and complaint was only lodged with the sheriff, and withdrawn before commencement of second action.

2. IBID.—A defendant has no right to raise the question that the appointment of a guardian *ad litem* is irregular, and that guardian is not proper person for the office unless he can show prejudicial error to himself thereby.

3. DEMURRER—ANSWER.—Failure of complaint to state facts necessary to sustain cause of action sued on, must be taken by demurrer and not by answer.

4. CIRCUIT JUDGE—JUDGMENT.—Parties litigant cannot be prejudiced by failure of Judge to file opinion within sixty days after last day of last Court in Circuit (art. V., sec. 17).

5. REFERENCE—JURY—TITLE—WAIVER.—In PARTITION suit, defendant setting up title in himself, and other defenses, waives the right to have such issues tried by a jury by consenting to order referring the whole case to the master to take the testimony and report the same to the Court. MR. JUSTICE GARY *dissents.*

Before BUCHANAN, J., Saluda, August, 1899. Affirmed.

· Action for partition by Lula Griffith, W. T. Cromley, H. J. Cromley, and Fannie Cromley, by William Griffith, guardian *ad litem,* against A. B. Cromley and Hardy Griffith. From Circuit decree, defendant, A. B. Cromley, appeals.

*Messrs. Eugene W. Able* and *C. J. Ramage,* for appellant, cite: *Finding of fact not supported by evidence will be reviewed:* 42 S. C., 162; 32 S. E. R., 503. *Question raised by answer is before this Court:* 32 S. C., 308. *Defendant may plead different defenses:* Code, 172, sub. 2; 32 S. E. R., 539. *When necessary, Court will resort to return:* 35 S. C., 593; 41 S. C., 86. *How guardian ad litem appointed:* Code, 137; Rule 6, C. C. *Not party to action:* Dud. Eq., 1. *Want of capacity may be raised by answer:* 18 S. C., 584. *Issue of title in partition must first be tried:* 38 S. C., 421; 29 S. C., 49; 31 S. C., 262; 36 S. C., 569; Code, 286; 25 S. C., 72.

*Reference to take testimony gives no power to pass on issues:* 32 S. E. R., 513. *Debts of estate must be provided for before partition:* Rule 55, C. C.; 33 S. C., 601. *Joint seizin in plaintiff and defendant necessary to sustain suit:* Harp., 390. *What constitutes ouster?* 2 Hill Ch., 513; 26 S. C., 179, 244. *What is adverse possession:* Code, 102 to 106; 26 S. C., 179, 244; 2 Hill L., 486, 492; 22 S. C., 366. *Statute of limitations not effected by infancy of plaintiff:* 20 S. C., 52. *Decreted order must be filed in sixty days:* Con., art. V., sec. 17; Code, 289; 11 S. C., 139, 329; 29 S. C., 598.

*Messrs. Croft, Tillman & Peurifoy,* contra, cite: *To make title to whole place good by adverse possession, it must run for twenty years:* 1 Hill Ch., 378; 1 Hill, 222; 2 Hill Eq., 511; 35 S. C., 609; 2 Bail., 603; 26 S. C., 244, 179; 48 S. C., 29, 472; 38 S. C., 393. *Ten years adverse possession after ouster of cotenants is necessary to confer title:* 8 Rich., 42; Dud., 177; 2 Strob., 498; 6 Rich., 62; *and no adverse possession without ouster:* 67 N. C., 150; 12 N. C., 460; 9 Cow., 241, 530. *But ouster may be presumed from long possession:* 9 Cowp., 217; 2 W. & S., 294; 92 N. C., 93; 81 N. C., 114; 9 Gray, 276. *Consenting to reference is waiver of right of trial by jury:* 28 S. C., 268; 35 S. C., 431; 32 S. C., 585; 22 S. C., 339; 23 S. C., 1; 24 S. C., 446, 304; 28 S. C., 238; 5 S. C., 206; 29 S. C., 407; Code, 274, 276, 288, 292; Rule 28 C. C.; 5 S. C., 411. *Filing decree more than sixty days after last Court does not invalidate it:* 11 S. C., 139. *Appointment of guardian ad litem is good:* 35 S. C., 391; 48 S. C., 566; 51 S. C., 393; 52 S. C., 205; 54 S. C., 127; 20 Conn., 282. *Not necessary for Judge to state in decree findings of fact and conclusions of law separately:* 11 S. C., 329; 12 S. C., 393; 16 S. C., 166; 24 S. C., 377; 29 S. C., 598. *As to rents and profits:* 1 Hill Ch., 49, 86; 2 Hill Ch., 111; 4 Strob. Eq., 170; 2 Hill Eq., 295, 367; McM. Eq., 69, 298, 475; 14 S. C., 292; 17 S. C., 389; 28 S. C., 562.

Aug 10, 1900. The opinion of the Court was delivered by

29—58

MR. JUSTICE GARY.    In order to understand the questions that are raised by the pleadings and presented by the exceptions, it is necessary to refer to the complaint and answer, which are as follows: "1.    That Mary G. Cromley, late of the county of Edgefield, died intestate, on or about 5th day of August, 1885, being possessed in fee at the time of her death of the following described real estate, to wit: 'All of that tract, piece or parcel of land, situate, lying and being in the county of Edgefield, but now in the county of Saluda, in the State of South Carolina, and containing * * * 2.    That the said Mary G. Cromley left as her heirs at law and distributees, the defendant, A. B. Cromley, her husband, and the defendants, Hardy Griffith, a brother, and Fannie G. Cromley, a sister, who had intermarried with W. T. Cromley, and Lula Griffith, a sister.    That on the 17th day of July, 1887, the said Fannie G. Cromley departed this life intestate, leaving as her heirs at law the plaintiff, W. T. Cromley, her husband, and the plaintiff, W. J. Cromley, a son, and Fannie B. Cromley, a daughter.    3.    That the plaintiffs and defendants own and possess the above described premises as tenants in common, in the following proportions: * * * and the plaintiffs are desirous that partition of the same be had.    4.    The plaintiffs further allege that the defendant, A. B. Cromley, has enjoyed the rents and profits of said premises ever since the death of the said Mary G. Cromley, and also committed waste thereon by cutting and removing timber to the value of $400 therefrom, and that he should be required to account to these plaintiffs for their share of the same.    5.    That by an order of B. W. Crouch, clerk of the Court of Common Pleas for the county of Saluda aforesaid, bearing date 6th day of August, 1897, William Griffith was appointed the guardian *ad litem* for the plaintiffs, H. J. Cromley and Fannie B. Cromley, who are infants, with power and authority to bring this action in their behalf, he is now such guardian *ad litem*."

Answer of A. B. Cromley (the only answer in the case): "1.    That he denies each and every allegation contained in

the complaint of the plaintiffs, and demands strict proof of the same and every part thereof.   2. As a further and separate defense, this defendant avers that he is informed, and believes his information to be true, that the plaintiffs have no legal capacity to sue herein; that there is a defect in the parties plaintiff hereto; that the complaint of these plaintiffs does not allege facts sufficient to constitute a cause of action, in that the guardian *ad litem* herein for H. J. and Fannie Cromley was irregularly and illegally appointed, and is not a fit and competent person to be their guardian *ad litem,* being privy in interest and relationship with those whose interest is inconsistent with and adverse to the interest of H. J. and Fannie Cromley; and further, in that the complaint of the plaintiffs herein does not allege that the plaintiffs herein, for themselves or either of them for himself, or any one else in their interest or through whom they may claim, were seized of the premises described in the complaint within ten years of the time of the commencement of this action.   3. As a further and separate defense, the defendant, A. B. Cromley, avers that he is the owner in his own right absolutely in fee simple of the tract of land described in the complaint.   4. As a further and separate defense, the defendant, A. B. Cromley, avers that more than ten years have elapsed since the plaintiffs' right of action accrued, and the defendant has been in adverse possession of said land for more than ten years.   5. As a further and separate defense, the defendant, A. B. Cromley, avers that during the time he has been in possession of the land described in the complaint, he has erected on the land various improvements and betterments which are now on said land, and he has caused the lands to be variously otherwise improved, believing all the while that his claim in and to the land was good and valid; that the betterments and improvements on the lands described were all made in good faith and upon the belief aforementioned, and are of the value of $300, and in case these plaintiffs should recover the said premises, or any part thereof, for any cause whatsoever, this defendant begs that he be allowed the value

of these improvements before the prayer of the complaint be allowed."

The following facts are stated in the record: "At the August, 1899, term of Court for Saluda County, this case was called for trial by Judge O. W. Buchanan. Motion was made to continue by the defendant on the ground that leading counsel was absent from the Court. This motion was overruled. Defendant's counsel then urged the Court to be allowed a trial by a jury upon the issues raised by defendant's answer. This request was promptly overruled by the Court and a hearing on the merits ordered. After argument of the attorneys for the plaintiffs and defendant had been heard, the Court took the case under advisement. On Saturday, December 9, 1899, the following order was filed in the office of the clerk of the Court for Saluda County: After reading the pleadings, evidence and papers herein, and after hearing arguments for and against the matters and things contained within the complaint, it is ordered, decided and adjudged, that the relief prayed for shall be allowed, that the allegations of the complaint are sustained by the evidence and the law, and that the contentions of the defense are not made out by the evidence herein. It is further ordered, that the usual writ in such cases do issue from the clerk of this Court, directed to commissioners, who will be directed to make partition of the premises as required by law, or if in such commissioners' opinion such land cannot be divided with due regard to the interest of all parties concerned, then with power to make the usual recommendation in such cases. That all parties have leave to apply at the foot of this order for any further order to carry out the provisions hereof. November 5th, 1899. (Signed) O. W. Buchanan, Judge."

The defendant appealed upon numerous exceptions, some of which relate to findings of fact upon the questions of title to the land, while others present questions that do not properly arise under the pleadings. Furthermore, the conclusion which this Court has reached renders unnecessary the con-

sideration of some of the other exceptions, as the questions raised by them become speculative.

The objections to the sufficiency of the complaint on the grounds "that the plaintiffs have no legal capacity to sue herein," and "that there is a defect in the parties plaintiff hereto," are based upon the following state of facts : In 1897, W. T. Cromley filed a petition for the appointment of a guardian *ad litem* for the infants, H. J. Cromley and Fannie B. Cromley, then under fourteen years of age, alleging, "that the said infants, together with Lula Griffith and W. T. Cromley, were about to commence an action in the Court of Common Pleas in and for the said county and State, for the partition of a tract of land in said county and State, and for other purposes, and that the said infants had an interest in the result of the said action." The clerk of the Court appointed Wm. Griffith guardian *ad litem* for said infants on the 6th of August, 1897. The appellant's attorney in his argument states the facts as follows : "In 1897, in August, H. J. Cromley and Fannie B. Cromley, infants under the age of twenty-one years, by their guardian *ad litem,* William Griffith, and W. T. Cromley and Lula Griffith, plaintiffs, caused to be issued against Hardy Griffith and Joseph Griffith, A. B. Cromley, Samuel Crawford and John Crawford, copartners doing business under the firm name and style of Crawford Brothers, defendants, a summons and complaint. The summons and complaint in this action was signed by Edwin F. Strother, jr., plaintiffs' attorney, and verified by W. T. Cromley on August 6, 1897. The complaint stated among other things that plaintiffs desired partition of certain lands described and an injunction prohibiting waste. * * * Afterwards this summons and complaint was lodged with the sheriff of Saluda County for service, and the following indorsement made thereon : 'Filed this 19th August, 1897. Entered page 22. M. A. Whittle, sheriff of Saluda County, S. C.' It does not appear that this summons and complaint was served. It seems that it was afterwards withdrawn from the hands of the sheriff. Thereafter, on

February 2d, 1898, the summons and complaint in the present action was prepared and signed, 'Croft, Tillman & Peurifoy, plaintiffs' attorneys.' On February 11th, 1898, this summons and complaint was served on the defendant. The infant plaintiffs, H. J. and Fannie Cromley, appearing in the action brought by Messrs. Croft, Tillman & Peurifoy, by William Griffith, as their guardian *ad litem,* by virtue of the appointment made upon motion of Mr. Edwin F. Strother, jr., on August 6th, 1897, in the action, the summons and complaint of which had been withdrawn after being filed with the sheriff of the county for service." As the first complaint was not dismissed upon the merits, but was withdrawn before service of the summons accompanying it, the power conferred upon the guardian *ad litem* to bring the action for partition was not exhausted, and the second action was properly commenced without another order appointing a guardian *ad litem* to bring the action for partition for the infants.

The next objection interposed by the appellant is "that the complaint did not allege facts sufficient to constitute a cause of action, in that the guardian *ad litem* herein for H. J. and Fannie Cromley, was irregularly and illegally appointed, and is not a fit and competent person to be the guardian *ad litem,* being privy in interest and relationship with those whose interest is inconsistent with and adverse to the interest of H. J. and Fannie Cromley." Even if there was error, the appellant failed to show that it was prejudicial to him. He, therefore, has no right to raise this question.

The last objection interposed to the sufficiency of the complaint by the appellant in his answer was, "that the complaint did not allege that the plaintiffs herein, for themselves or either of them for himself, or any one in their interest, or through whom they may claim, were seized of the premises described in the complaint within ten years of the time of the commencement of this action." The ground urged by the appellant appeared upon the face of the complaint. This objection could not, therefore, be set up as a defense in the answer, but could only be interposed by a de-

murrer.    Even, however, if the appellant had demurred, it could not have been sustained.

We will next consider the question raised by the exception, whether the judgment was null and void by reason of the fact that it was not filed within the time required by law.

Sec. 17, art. V., of the Constitution of 1895, is as follows: "It shall be the duty of the * * * Judges of the Circuit Courts to file their decisions within sixty days from the rising of the last Court of the Circuit then being held."    No penalty is therein provided, and it was not intended to affect the validity of a judgment filed after the time specified, although a Judge disregarding such requirement, without good reason for so doing, would be subject to impeachment.    The rule is thus stated in *Mitchell* v. *Overman,* 103 U. S., 62, to wit: "The adjudged cases are very numerous in which have been considered the circumstances under which Courts may properly enter a judgment or a decree, as of a date anterior to that on which it was in fact rendered * * * We content ourselves with saying that the rule established by the general concurrence of the American and English Courts is, that where the delay in rendering a judgment or a decree arises from the act of the Court—that is, where the delay has been caused either for its convenience or by multiplicity or press of business, either the intricacy of the question involved or of any other cause not attributable to the laches of the parties—the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered up.    In such cases, upon the maxim *actus curiae nominem gravabit*—which has well been said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice—it is the duty of the Court to see that the parties shall not suffer by the delay."    This language is quoted with approval in the case of *State* v. *Fullmore,* 47 S. C., 34.

Another question presented by the exceptions is whether the defendant was entitled to a trial by jury upon the issue of title raised by the pleadings.    The record contains the fol-

lowing statement, to wit: "Upon issue joined the following order was made: 'On motion of Croft, Tillman & Peurifoy, plaintiffs' attorneys, with the consent of Eugene W. Able, defendant's attorney, it is ordered, that the case be referred to the master of this county to take the testimony herein and report the same to this Court. December 12, 1898. Ernest Gary, presiding Judge. We consent to the above order. Croft, Tillman & Peurifoy, plaintiffs' attorneys. Eugene W. Able, defendant's attorney.'" As hereinabove stated, the defendant demanded a trial by jury when the case was called for trial before his Honor, Judge Buchanan, which was refused. Section 288 of the Code is as follows: "Trial by jury in the Court of Common Pleas may be waived by the several parties to an issue of fact in actions on contract, and with the assent of the Court in other actions, in the manner following: 1. By failing to appear at the trial. 2. By written consent, in person or by attorney, filed with the clerk. 3. By oral consent in open Court, entered in the minutes." Section 274 of the Code contains this provision: "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, as provided in section 288, *or a reference be ordered.*" The words which we have italicized refer to references ordered by consent of the parties to the action for the purpose of trying the issue of fact. The defendant's consent that the testimony should be taken by the master was not a waiver of his right to demand a trial by jury, any more than if he had consented that the testimony should be taken *de bene esse,* or before the clerk of the Court. The testimony could have been read to the jury, and there is no inconsistency between the foregoing order of reference and a trial of the issue of title by a jury. The Circuit Judge erred, therefore, in ruling otherwise.

It is my opinion, that the judgment of the Circuit Court should be reversed and the case remanded to that Court for a new trial; but as the majority of this Court think otherwise, the judgment of the Circuit Court is affirmed.     . .

MR. CHIEF JUSTICE McIVER, *dissenting.* While I concur in the conclusions reached by Mr. Justice Gary upon all the other points considered by him in his opinion, I cannot agree with him in regard to his last conclusion, to wit: that the Circuit Judge erred in refusing the motion of appellant for a trial by jury of the issue of title raised by the answer. On the contrary, I think there was no error in refusing the motion made at the time and under the circumstances when it was made. The action was brought for partition, and was, therefore, cognizable in equity. When, however, the appellant by his answer raised an issue of title to real estate, he had a right to have such issue tried by a jury, unless such right was waived; and the practical question presented here was whether there was such waiver. While it is true that there was no *express* waiver, yet it seems to me, that such waiver can and should be implied from his conduct. In the first place, after issue joined, the appellant consented to an order "that the case be referred to the master of this county to take the testimony herein, and report the same to this Court." In sec. 274 of the Code, it is provided that an issue of fact, in an action for the recovery of real property, must be tried by a jury, unless a "jury trial be waived, as provided in sec. 288, or a reference be ordered." As it cannot be claimed that a jury trial was waived in any of the modes designated in sec. 288 of the Code, the inquiry is narrowed down to the question, whether such mode of trial was waived by the consent to the order of reference above stated. What was the nature and scope of that order? It was a reference of "the case"—not of any particular issue in the case—but the whole case. For what purpose? "To take the testimony *herein* and report the same *to this Court.*" Now, as the pleadings show that there were other issues in the case, which were not triable by a jury as a matter of right besides the issue of title, and as the whole case was referred to the master to take the testimony on all these issues and report the same *to the Court,* the necessary inference seems to be that

the testimony was to be reported to the Court for the purpose
of enabling the Court to pass upon all issues—that is, for the
trial of the whole case by the Court. As was said in *Meetze*
v. *Railroad Company,* 23 S. C., at page 25, when a party
consents to an order of reference, "he must be regarded as
consenting to the necessary incidents to a reference."
Again, as there were other issues in the case besides that of
title, and as the testimony in the whole case was to be taken
and reported by the master, how was that relating only to
the issue of title to be separated from that relating to the
other issues, not triable by a jury, if the appellant's demand
for a trial by jury had been granted? Could the Court,
under the stringent provisions of the Constitution, venture
to instruct the jury what portion of the testimony reported
by the master was applicable to the issue of title which, alone,
they were authorized to try, and what was not? And if this
was not done, would not the case be left in inextricable con-
fusion before the jury? But, in addition to this, it is pro-
vided in sec. 294 of Code, that "When the reference is to
report the facts, the report shall have the effect of a special
verdict." If so, then if the demand for a trial by jury had
been granted, the Court would then have been confronted
with two verdicts: one, the special verdict found in the
report to the master, and the other, the verdict of the jury;
and under such a state of things, it would be difficult to say
how the Court should deal with these two verdicts. In view
of the practical difficulties thus suggested, it seems to me that
the safest conclusion to adopt is, that when a party consents
to such an order of reference as was granted in this case, he
must be regarded as consenting to the necessary incidents to
such an order of reference, one of which is that the whole
case is to be tried by *the Court* upon the testimony reported
by the master. Again, it will be noted that no demand for a
trial by jury was ever made by appellant, until after his
motion to continue the case was made and refused; and this
was at the August term of 1899, when, as I understand it,
jury trials in civil cases cannot be had; and the fact that he

made his motion to continue his case at that term, was an implied admission that it was triable by the Court, and not by a jury, which could only be by reason of the fact that he had waived his right to the latter mode of trial. It will also be observed that the appellant's motion was *not* for a trial by jury of the issue of title, but for a trial by jury, "upon issues raised by defendant's answer;" and as there were other issues raised by the answer upon which he was clearly not entitled to a trial by jury, there was no error in refusing the motion *as made.* This may seem somewhat technical; but as I am satisfied that all parties, in the outset at least, intended and expected that the order of reference would bring about a trial of the whole case *by the Court,* I feel less hesitation in presenting this technical ground.

As I do not think any of the other exceptions, not considered by Mr. Justice Gary (and not necessary to be considered under the view which he took), can be sustained, I think the judgment of the Circuit Court should be affirmed.

MESSRS. JUSTICES POPE *and* JONES *concur in the dissenting opinion of* CHIEF JUSTICE MCIVER.