HUNTLEY v. WELSH.

EQUITY—JURY—JURISDICTION.—In a case in equity where the determination of the issues turns largely on the credibility of the witnesses, this Court has jurisdiction to remand case to Circuit Court, with instruction to submit certain issues to jury.

Before GAGE, J., Chesterfield, February, 1901. Reversed.

Action by Emily Huntley against Sebra Walsh, to cancel deed. From order dismissing complaint, plaintiff appeals.

*Messrs. W. P. Pollock* and *J. M. Johnson,* for appellant. The former cites: *As to undue influence:* 24 Ency., 453, 455, 456. *As to weak mind: Ibid.,* 457, 458. *As to confidential relations: Ibid.,* 461, 477, 462, 463, 464; 1 Story Eq. Jur., secs. 221, 238; 24 S. C., ꝑ; 4 DeS., 697; 3 DeS., 273; 19 S. E. R., 206. *As to sufficiency of consideration:* 21 S.

C., 270; 9 S. E. R., 415; 19 S. C., 606; 35 S. E. R., 809. *As to delivery:* 9 Ency., 150, 153, 154, 155; 4 DeS., 617; 24 S. C., 596; 3 Rich. Eq., 435; 3 Strob. Eq., 111; 2 Hill Ch., 412; 9 S. C., 249; 11 S. C., 69; 23 S. C., 91; 16 S. C., 632.

*Messrs. Stevenson & Matheson,* contra, cite: *Presumptions are in favor of regularity of deeds:* 44 S. C., 382; 10 S. C., 445; 10 Rich. Eq., 217; 16 S. C., 344; 5 Strob., 192. *As to the contracts of weak-minded persons:* 24 S. C., 12; 57 S. C., 427. *As to inadequacy of consideration:* 21 S. C., 271; 43 S. C., 79. *Delivery of deed is a question of fact, and finding of fact thereon is legal issue which cannot be reviewed in this Court:* 28 S. C., 530; 31 S. C., 266; 36 S. C., 559; 43 S. C., 266; 44 S. C., 370; 51 S. C., 568; 55 S. C., 372; 54 S. C., 406; 23 S. C., 89. *As to delivery:* 24 S. C., 597; 9 Ency., 159.

September 25, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This action was commenced on the 13th of September, 1899, for the purpose of having a paper, purporting to be a deed, conveying plaintiff's interest in a certain tract of land to the defendant, cancelled and declared null and void. The grounds upon which this claim is based are that the plaintiff, at the time she signed said paper, was quite old and in a feeble state of health, and that by fraud and undue influence she was induced by the defendant to sign said paper; that there was no consideration, or at most a very inadequate consideration, for the said paper, and that the said paper was never delivered, so as to pass the title to the defendant. An order, by consent, was passed, referring it to a referee to take the testimony and to hear and determine the issues both of fact and law. In pursuance of this order the referee took the testimony, which is fully set in the "Case," and made his report, finding that the plaintiff, at the time she executed

said paper, was fully capable of transacting business; that no fraud or undue influence was practiced upon her; that the said paper was duly executed and delivered to the defendant; and that it was based upon valuable consideration. He, therefore, recommended that the complaint be dismissed. To this report the plaintiff filed sundry exceptions, and the case was heard by his Honor, Judge Gage, upon said report and exceptions, who rendered judgment confirming the report of the referee, declaring that said paper was a good and valid deed, and requiring the plaintiff to surrender the same to the clerk of the Court for the defendant.

From this judgment plaintiff appeals upon the several grounds set out in the record, which substantially raise but two questions: 1st. Whether there was any valuable consideration for the paper claimed to be a deed, and if so whether the same was so grossly inadequate as to justify the conclusion that the plaintiff was induced by fraud or undue influence, on the part of the defendant, to sign said paper. 2d. Whether said paper was ever, in fact, so delivered as to take effect as a conveyance from plaintiff to defendant.

These two questions turn largely upon the testimony, in which we find very considerable conflict, as to some of the most material points. It must be regarded now, since the case of *Finley* v. *Cartright*, 55 S. C., 198, as the settled rule that in an appeal in a case in chancery (such as this case unquestionably is), this Court has jurisdiction to review any findings of fact by the Circuit Court, and reverse such finding, if the finding of the Circuit Court is against the preponderance of the testimony. Whether this is so in the present case, depends so largely upon the credibility of the witnesses—a question peculiarly appropriate to a jury—which we are unable to determine satisfactorily without the aid of a jury; and, therefore, we have concluded to remand the case to the Circuit Court, in order that issues may be framed and submitted to a jury to try the following questions: 1st. Was there any valuable consideration for the paper purporting to be a conveyance of the interest of the

plaintiff in the land described in the complaint; and if so, what was the amount of such consideration and what was the real value of the plaintiff's interest in said land at the time said paper was signed? 2d. Was the said paper delivered to the defendant by the plaintiff with intent to pass the title to her interest in said land? It is true that it was at one time doubted whether this Court had the power, in a case like this, to order such issues; but the case of *Shaw* v. *Cunningham,* 9 S. C., 271, and the authorities therein cited, fully show that this Court has such power, and it was exercised in that case, which was like the present.

The judgment of this Court is, that the judgment of the Circuit Court be set aside, without intending to express any opinion as to its merits, but solely for the purpose of remanding the case to the Circuit Court for the trial by a jury of the two questions above stated; the result of which trial shall be certified to this Court.