## HUNTLEY v. WELSH.

1. PRACTICE—ISSUES—SUPREME COURT—DEED—CLOUD ON TITLE—FRAUD.—The Court having remanded this case to have certain issues tried by jury, and their findings having been certified to this Court, it approves the same, and finds the deed in question to have been given for valuable consideration, properly delivered, intended by grantor to operate as deed, and that grantor was not imposed upon.

Before GAGE, J., and ALDRICH, J., Chesterfield. Affirmed.

Action by Emily Huntley against Sebra Welsh. This case comes now before this Court on certificate by Judge James Aldrich of finding by jury on certain issues ordered by this Court on September 25, 1901, to be submitted to a jury.

*Messrs. W. P. Pollock* and *J. M. Johnson,* for appellant.

*Messrs. Stevenson & Matheson,* contra.

June 14, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 10th day of November, 1896, the plaintiff executed a deed by whose terms she purported to convey to the defendant 100 acres of land at the price of $400. She became dissatisfied, and upon her request the defendant allowed her to examine the deed.

Whereupon she withheld the possession of the deed, although the defendant informed her that such a course would not destroy the instrument. Thereupon she brought this action to cancel the deed as a cloud upon her title, alleging that she did not intend the instrument to operate as a deed of conveyance; that she was imposed upon; that no consideration operated to make the deed effectual; that there was no delivery, &c. The answer of the defendant controverted all the allegations of the plaintiff's complaint. Under an order of the Court, all the issues of law and fact were referred to a referee, whose findings were in favor of the defendant. Exceptions were filed thereto. After argument, Judge Gage overruled the exceptions and adjudged that plaintiff should surrender the deed to the defendant. An appeal therefrom was then taken to this Court. Chief Justice McIver, as the organ of this Court, amongst other things, held as follows (see 61 S. C., 566) : "From this judgment plaintiff appeals upon the several grounds set out in the record, which substantially raise but two questions : 1st. Whether there was any valuable consideration for the paper claimed to be a deed, and if so, whether the same was so grossly inadequate as to justify the conclusion that the plaintiff was induced by fraud or undue influence on the part of the defendant to sign said paper. 2d. Whether said paper was ever in fact so delivered as to take effect as a conveyance from plaintiff to defendant. These two questions turn largely upon the testimony, in which we find very considerable conflict as to some of the most material points. It must be regarded now, since the case of *Finley* v. *Cartwright*, 55 S. C., 198, as the settled rule, that in an appeal in a case in chancery (such as this case unquestionably is), this Court has jurisdiction to review any findings of fact by the Circuit Court and reverse such findings, if the finding of the Circuit Court is against the preponderance of the testimony. Whether this is so in the present case, depends so largely upon the credibility of the witnesses—a question peculiarly appropriate to a jury—which we are unable to determine

satisfactorily without the aid of the jury; and, therefore, we have concluded to remand the case to the Circuit Court, in order that issues may be framed and submitted to a jury to try the following questions: 1st. Was there any valuable consideration for the paper purporting to be a conveyance of the interest of the plaintiff in the land described in the complaint; and if so, what was the amount of such consideration, and what was the real value of the plaintiff's interest in said land at the time said paper was signed? 2d. Was the said paper delivered to the defendant by the plaintiff with intent to pass the title to her interest in said land? It is true, that it was at one time doubted whether this Court had the power in a case like this to order such issues, but the case of *Shaw* v. *Cunningham*, 9 S. C., 271, and the authorities therein cited, fully show that this Court has such power, and it was exercised in that case, which was like the present.

"The judgment of this Court is, that the judgment of the Circuit Court be set aside, without intending to express any opinion as to its merits, but solely for the purpose of remanding the case to the Circuit Court for the trial by a jury of the two questions above stated, the result of which trial shall be certified to this Court."

The issues thus framed by this Court came on for trial before Judge James Aldrich and a jury on the 10th April, 1902, and the following was the result of such trial, as certified to this Court by his Honor, the said presiding Judge:

"1. Was there any valuable consideration for the paper purporting to be a conveyance of the interest of the plaintiff to the defendant of the land described in the complaint?" Answer of the jury: "Yes."

"2. If there was any such consideration, what was the amount thereof?" Answer of the jury: "Four hundred dollars."

"3. What was the real value of the interest of the plaintiff (Emily Huntley) in the land on the 10th November, 1896?" Answer of the jury: "Eight hundred and fifty dollars."

"4. Was the said paper delivered to the defendant by the

plaintiff with intent to pass the title to her interest in said land?" Answer of the jury: "Yes."

Thus the plaintiff has secured a fair trial of her supposed rights. The issues have been decided against her. The deed in question was not only prepared in her own house at her instance by her attorney, the late E. J. Kennedy, Esq., but was witnessed by him. Not only so, but her family physician, Dr. McLean, was also present and was the second witness to said deed. The finding of the jury that the land was worth $850 does not militate against the deed. Mrs. Huntley knew what she was doing; she was capable of making a contract; she did make a contract. And there is no reason, therefore, why this Court should seek to make a new contract for her. It follows that her complaint must be dismissed, but she must be required to deliver the deed to the land to the clerk of the Court of Common Pleas for Chesterfield County, in this State, within twenty days after the remittitur in this case shall reach the Circuit Court for Chesterfield County.

It is the judgment of this Court, that the plaintiff's complaint be dismissed and that the plaintiff do deliver, or cause to be delivered, the deed here in question to the clerk of the Common Pleas for Chesterfield County, in this State, within twenty days succeeding the filing in the office of the clerk of said Court of the remittitur in this case, and that said clerk do deliver said deed to the defendant.