8985

BELL v. BELL *ET AL.*

(84 S. E. 369.)

APPEAL AND ERROR. CASE. DETERMINATION OF ISSUE OF FACT.

1. Both appellant and respondent are charged with the duty to see that the transcript of testimony in case on appeal is correct.
2. Where defects in preparation of case materially affect the presentation of an issue of fact, they are sufficient to warrant a retrial of such issue.
3. Where the determination of a question of fact arising upon an appeal in chancery cases, depends upon the credibility of witnesses, the Court may direct the trial of such issue by the jury.

FOOTNOTE.—See Constitution 1895, art. V, sec. 4; Code Civil Proc., sec. 11b; *Huntley* v. *Welsh*, 61 S. C. 566, 39 S. E. 767, as to direction by Supreme Court for submission to jury of questions on fact arising on appeal in chancery cases. Manuscript order in case of *Kendall* v. *Richland Drug Co.*, April term, 1914, is to the same effect as in *Bell* v. *Bell.*

4. Where a comparison of the transcript with the testimony as shown by the master's notes reveals material omissions and misstatements due to the negligence of both parties as to an issue of fact, the case may be remanded for trial of such issue.

Before MEMMINGER, J., November, 1913, Greenville.

Rehearing of issues on account of mistake of counsel in preparation of case.

*Messrs. McLaughlin & Smith,* for appellant.

*Messrs. Elliott & Herbert,* for respondent.

December 1, 1914.

PER CURIAM: The respondent has moved the Court to have this cause reargued, chiefly because the testimony in the case was incorrectly, though unintentionally, typed by the appellant.

The appellant admits some errors in transcribing the testimony from the master's notes, and some of them are material, but the manner of the commission of them was explained by appellant.

The fault lies equally with appellant and respondent; it was the business of both to see that a correct copy of the testimony was furnished the Court. And no excuse has been made therefor, except that which always follows negligence.

These omissions refer almost entirely to the issue of notice from Bell to Lakin; they do not refer to the issue of estoppel by Alice.

On that last issue we have no reason to open the case; we are content to abide the opinion we have expressed thereabout.

As matter of law, plainly, if Lakin had verbal timely notice from Bell that the title was not good, he cannot hold

it against Bell, although reputable counsel advised him rightly that his paper title was good.

We have examined with some care, since the motion was made, the master's notice of testimony.

They are very much defaced; but a comparison of that testimony with the testimony furnished the Court reveals three omissions and one misstatement.

These errors are all relevant to the issue of notice; we ought to have had the full and correct testimony, for the issue was one solely of fact; and was dependent upon the credibility of the witnesses; and credibility depended much upon consistency of the witnesses.

We express no opinion upon the weight of the omission; but we are of the opinion that they are sufficient to warrant a retrial of the issue of notice.

Yet there is now no time to retry the cause here. For that reason, and because the issue depends upon the credibility of the witnesses, we direct a trial of it by a jury.

The cause is, therefore, remanded to the Circuit Court, with direction to submit this issue to a jury, to wit: "Did Isaac Lakin have notice of the claim of title in the premises by Richard Bell before he, Lakin, paid to Alice Bell the purchase price therefor?"

Let the answer be yes or no, as the jury may conclude. Let Lakin be the actor therein.

And let the verdict be reported back to this Court.

Another issue of betterments, held in abeyance, may be renewed before the Circuit Court before the master, in the event the jury shall decide the issue of notice for Lakin.