9255

NEWBOLD v. McCROREY.

(87 S. E. 542.)

JUDGES. JURISDICTION. CONTRACTS. PUBLIC POLICY. EQUITABLE ISSUES. ATTORNEYS AT LAW. FEES.

1. JUDGES—JURISDICTION.—The jurisdiction of a special Judge who heard a cause during a term of Court, and reserved his decision, continues after the adjournment of the term, and until his decision in the cause, under Const., art V, sec. 17.

1a. JUDGMENT—VALIDITY—RENDITION.—Despite Const., art. V, sec. 17, declaring that it shall be the duty of Circuit Court Judges to file their decisions within 60 days from the rising of the last Court of

the Circuit then being held, a judgment of the Circuit Court filed February 27, 1915, will not be overthrown because the record contained the statement that the whole case was heard by the presiding Judge at the November term, 1914, in open Court, without a jury, and the testimony was taken down by the stenographer.

2. Contracts—Public Policy—Pardons.—A contract to pay an attorney at law employed to solicit the pardon of a convict, for his endeavor, by proper means, to secure the pardon, is not against public policy.

3. Issues—Verdict.—The findings of jury on issues submitted to a jury in an equity case for the mere purpose of enlightening the conscience of the Court, do not preclude a decision by the Court to the contrary, but will be adopted where satisfactory to the Court.

4. Attorneys at Law—Fees.—Fees charged by an attorney at law for professional services are subject to the supervision of the Court, which may reduce them when excessive.

5. Costs—Equity.—On appeal in an equity case the Supreme Court may direct the costs to be paid by either party to the action.

Before Hon. C. M. Efird, special Judge, Chester, November, 1914. Modified.

Action by Mrs. Susie C. Newbold against Robert McCrorey. From judgment for plaintiff, defendant appeals.

The facts are stated in the Circuit decree as follows:

In November, 1910, Lethia Hemphill, a daughter of the defendant, McCrorey, was convicted of murder and sentenced to life imprisonment in the State penitentiary.

W. H. Newbold, the husband of the plaintiff, in his testimony, states that on December 28, 1912, the defendant made a contract with him to secure the pardon or parole of Lethia Hemphill for $1,000 and expenses if she was sane, but if it should be found that she was insane, then to have her committed to the asylum for the fee of $100 and expenses, and that in pursuance of the said contract on the same day, the defendant executed in favor of the plaintiff two notes, each for $543.20, due one year after date, payable at the Peoples Bank in Chester and discounted at eight

per cent., and if not paid after maturity, and if collected by suit through an attorney ten per cent. as attorney's fees, and on the same day executed and delivered to the said W. H. Newbold for the plaintiff his mortgage, whereby he conveyed to the plaintiff a tract of land containing 371 acres, more particularly described in the complaint, to secure the said notes.

An action was commenced on September 24, 1914, to foreclose this mortgage.

The defendant, answering the complaint, alleges that he did not consciously or knowingly execute the mortgage and notes for the reason that they were obtained by deceit, fraud and misrepresentation.

The cause was heard by me during the November term at Chester, the testimony being taken in open Court.

The defendant in his argument insists that the notes and mortgage should be delivered and cancelled.

1. Because they were obtained by fraud.

2. Because they are without consideration in that the plaintiff never loaned the defendant any sum of money.

3. That if the notes and mortgage were for W. H. Newbold, husband of the plaintiff, for services to be rendered in obtaining a pardon for Lethia Hemphill, then he could not be a competent witness to the mortgage for the reason that there was only one witness to its execution.

4. That the amount of $1,000 with ten per cent. attorney's fee is an exorbitant and unconscionable fee to charge for the services rendered if the contract was validly entered into.

At the hearing I announced that the evidence was not sufficient to sustain the allegations that the notes and mortgage were obtained by fraud and left open for further consideration two points.

(1) Whether W. H. Newbold could assign and give to his wife the notes and mortgage supposed to be given for

services to be rendered by Newbold before the services were actually rendered.

(2) Whether a contract made for payment of services to be rendered in securing pardon for a convict, is against public policy.

W. H. Newbold could assign and give to his wife lawfully the contract expressed in the notes and mortgage, given for services to be performed by him, especially since as the evidence shows the defendant knew at the time of the execution of the papers that they were being made in favor of the plaintiff. In this connection, I may also add that W. H. Newbold was not disqualified as a witness to the execution of the mortgage, and the mortgage is not void for the reason that there is only one other witness besides himself.

As to the second proposition, which I think is the real question in the case, I have examined all of the authorities cited on both sides and made also such independent examination of the question as I have been able to do. The point has never been adjusted in this State so far as I have been able to find, and the weight of authorities in other jurisdictions is to the effect that a contract to obtain a pardon through personal influence of one person for value with the pardoning power is void as against public policy, but where the contract is made and services are to be paid for the purpose of presenting facts in the way of argument or legitimate appeal to reason and sentiment, the contract is valid.

In this case, there is no evidence that any contract was made with W. H. Newbold and any pay promised him for using his personal influence with the Governor to procure and obtain the pardon of Lethia Hemphill, but the preponderance of the evidence is to the effect that he was to be paid for services in preparing the necessary data to be presented to the pardoning power by argument in a legitimate way. For such services as these, a lawyer is lawfully entitled to

whatever compensation may be agreed upon between the parties, if the contract is not unconscionable.

I think the fee in this case was large for the services to be rendered, but from the evidence with reference to the defendant's business ability, I do not feel warranted in saying that he was misled into making a contract, which should not be enforced against him, but under all of the circumstances I think the amount due on the notes, less the payment of $100 made by the defendant in January, 1913, less attorney's fees, should be the amount of the compensation of Mr. Newbold. The plaintiff accepted the notes and mortgage as a gift to her, and the testimony is to the effect that the mortgage was not to be foreclosed as long as defendant lives, and was not put upon the record until something over a year after its execution.

It is, therefore, ordered, that the plaintiff have judgment against the defendant for the sum of $1,152.27 and the costs of this action.

*Mr. R. L. Douglas,* for appellants, submits: *Fee should be reviewed and reduced:* 84 S. C. 458; 94 S. C. 383; 27 Cyc. 1785; 13 Am. & Eng. Enc. of L. (2d ed.), 824. *As to jurisdiction:* 80 S. C. 84. *Public policy:* 61 Am. Dec. 346; 15 Am. Rep. 189; 54 L. R. A. 410; 32 Am. Dec. 750; 40 Am. Dec. 519; 80 Am. Dec. 677; 56 Am. Dec. 243; 47 Am. Dec. 422; 49 Am. Dec. 746; 20 S. E. 733; 85 Fed. Rep. 4; 69 S. C. 559; 51 S. C. 362; 68 S. C. 577; 44 S. C. 538.

*Mr. W. H. Newbold* and *D. C. Ray,* for respondent, cite: *As to attorney's fee:* 89 S. C. 362; 94 S. C. 386; 12 A. & E. Enc. of L. (2d ed.), 889; 28 Eng. L. & Eq. R. 360; 50 How. Pr. 143; 3 N. Y. Weekly Dig. 341; 40 S. C. 127; 1 McC. Ch. 546. *Public policy:* 70 L. R. A. 881; 198 U. S. 581; 58 S. E. 322; 13 L. R. A. (N. S.) 1115; 7 Fed. Cas. 934; 15 A. & E. Enc. of L. 980. *Contracts to present*

*application for pardon:* 15 Ga. 623; 25 Ga. 251; 8 Gray, 522; 41 Minn. 242; 42 N. W. 1060; 31 N. H. 226; 64 Am. Dec. 329; 49 N. Y. Sup. Ct. 172; 9 Cyc. 494; 7 Md. 273; 61 Am. Dec. 346; 2 R. C. L. 1043 (14); 15 A. & E. Enc. of L. (2d ed.) 980; 2 Thornton, Att'ys at Law 752. *Jurisdiction of special Judge after adjournment of term:* Civil Code, secs. 3839, 3844; 47 S. C. 38; 58 S. C. 36; 68 S. C. 113; 42 S. C. 133; 79 S. C. 306; 45 S. C. 571; 10 Peters 449. *Attorney's fees on foreclosure:* 33 S. C. 283; 84 S. C. 458.

January 10, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to foreclose a mortgage.

The facts are fully stated in the decree of his Honor, the presiding Judge.

The first question that will be considered, is raised by the following assignment of error: "Because his Honor, the special presiding Judge, for the November term of Court, 1914, did not file his decree, until the 27th day of February, 1915; that said presiding Judge had then lost jurisdiction of matters in Chester county; that said decree is null and void."

The record contains the statement, that the whole case was heard by the presiding Judge, at the November term, 1914, in open Court, without a jury, and the testimony taken down by the stenographer.

Section 17, art. V of the Constitution, provides, that it shall be the duty of the Judges of the Circuit Courts, to file their decisions within sixty days from the rising of the last Court of the Circuit, then being held. The cases of *State* v. *Fullmore,* 47 S. C. 34, 24 S. E. 1024; *Griffith* v. *Cromley,* 58 S. C. 448, 36 S. E. 738, and *Stack* v. *Haigler,* 90 S. C. 319, 73 S. E. 354, show that the exception raising this question cannot be sustained.

The next question for consideration is, whether there was error, on the part of his Honor, the Circuit Judge, in ruling that the contract herein relative to the pardon of Lethia Hemphill, was not against public policy.

The rule is thus clearly stated in 2 Ruling Case Law, section 124:

"Generally speaking, all contracts to change the course of trials, or the effects of trials, whether to obtain the liberation of a prisoner, by money to the jailer, or to obtain a pardon by the use of money directly or indirectly, must be deemed void. While it has been held, that a contract founded upon a promise or engagement, to procure signatures and obtain a pardon from the Governor, for one convicted of a criminal offense and sentenced to punishment, is unlawful and cannot be enforced by action, yet there is nothing unlawful or opposed to public policy, as a general rule, in simply employing a person to endeavor, by proper means, to secure a pardon; and from the mere fact of an attorney at law, being employed to solicit the pardon of a convict, and if successful to be paid a stipulated sum for his services, it is not to be legally inferred that an unlawful course of conduct was intended."

The testimony sustains the ruling of the Circuit Judge, and the exception presenting this question is overruled.

The next question to be determined is, whether W. H. Newbold, Esq., was guilty of the fraud, misrepresentation and deceit alleged in the answer of the defendant.

On hearing the appeal herein, this Court remanded the case to the Circuit Court, with direction to submit the following issues to a jury:

First. "Did the defendant execute the mortgage in question?

Second. If so, was he induced to execute the mortgage through fraud, misrepresentation or deceit of W. H. Newbold?"

The answer of the jury to the first question was, "Yes," and to the second question, "No."

These issues arose in an equity case, and were submitted to the jury, for the mere purpose of enlightening the conscience of this Court. Therefore, we are at liberty to determine the facts, contrary to the findings made by the jury. *Hammond* v. *Foreman,* 43 S. C. 264, 21 S. E. 3; *Mortgage Co.* v. *Gilliam,* 49 S. C. 355, 26 S. E. 990, 29 S. E. 203; *Windham* v. *Howell,* 78 S. C. 187, 59 S. E. 852.

This Court, however, is satisfied with the findings of the jury, and adopts them as the correct solution of the questions, submitted to it.

The exceptions raising these questions are overruled.

The next assignment of error relates to the ruling of the Circuit Judge as to the amount of fees.

This question has given the Court much concern, but after most careful consideration, we have reached the conclusion, that the amount charged was excessive, and that the sum of five hundred dollars, less the payment of one hundred dollars made by the defendant in January, 1913, and less attorney's fees for foreclosing the mortgage, would be a reasonable compensation for the professional services rendered by W. H. Newbold, Esq. *Matheson* v. *Rogers,* 84 S. C. 458, 65 S. E. 1054, 67 S. E. 476; *Coley* v. *Coley,* 94 S. C. 383, 77 S. E. 49.

It is the judgment of this Court that the judgment of the Circuit Court be modified in regard to the amount of the fee, and that in all other respects it be affirmed.

A petition for rehearing having been filed March 24, 1916, the following order was made

PER CURIAM. After careful consideration of the petition and supplemental petition herein, it is adjudged that all

the grounds for a rehearing are overruled except that which assigns error on the part of this Court in not ordering that the costs be taxed against the defendant. That ground is sustained. This being an equity case the Supreme Court is empowered to determine whether the costs shall be paid by the plaintiff or the defendant. Under all the circumstances we are satisfied that the costs should be taxed against the defendant, and it is so adjudged.

It was the intention of this Court that the amount of compensation to be allowed Mr. W. H. Newbold for his professional services was four hundred dollars, but without interest.