6472.  CENTRAL OF GEORGIA RAILWAY CO. *v.* MORGAN.

1. The court did not err in overruling the demurrer to the petition.
2. Under the facts disclosed by the record, it was error for the court to give the charges complained of in the 5th, 12th, 16th, and 17th grounds of the amendment to the motion for a new trial, for the reasons assigned therein.
3. It was error to fail to give the requested instructions set out in the 11th, 14th, 18th, 19th, 20th, and 21st grounds of the amendment to the motion for a new trial.
4. The other exceptions are not well taken. There were slight errors in the rulings of the court upon objections to certain questions propounded to some of the witnesses, and some inaccuracies, other than those referred to above, in the charge of the court, but these errors will doubtless be eliminated on the next trial.

DECIDED FEBRUARY 18, 1916.

Action for damages; from city court of Columbus—Judge Tigner.  March 8, 1915.

*Battle & Hollis,* for plaintiff in error.

*Hatcher & Hatcher,* contra.

BROYLES, J.  Morgan brought suit against the Central of Georgia Railway Company for alleged personal injuries, and set out in his petition that while walking along a street in Columbus, Georgia, he reached a point where the tracks of the defendant company crossed that street, and found the crossing obstructed by a switch-engine and cars of the defendant company. He stopped and waited for the crossing to be cleared. A wagon, drawn by a pair of mules, and belonging to the Chero-Cola Company, drove up behind him and also stopped. The engine cleared the crossing, and the flagman of the defendant company, stationed there, gave the signal to the plaintiff and to the driver of the wagon to proceed

across.   The plaintiff crossed the track in safety, and as the wagon
of the Chero-Cola Company was crossing the same track, the engine
started back toward the wagon, and the mules hitched thereto be-
came frightened and ran into the plaintiff, knocking him down and
injuring him.   There was another railroad track, parallel to the
track upon which the switch-engine was operating and about one
hundred feet distant.   The evidence was undisputed that the plain-
tiff had crossed not only the first track but also this second track
before he was run into and injured by the wagon.   There was
some evidence that the wagon had upon it a sack of empty beer-
bottles, in addition to the filled Chero-Cola bottles which it was
delivering, and that the mules first became frightened and started
running when they crossed the track upon which was the engine,
but that the driver of the wagon, a thirteen-year-old boy, put on
the brakes and stopped them before they got to the second track,
and that when the wagon struck this second track the empty beer-
bottles on the wagon rattled, and the mules started to run again,
and that the youthful driver, as he himself testified, never tried to
stop them any more until they got to the yard of the bottling com-
pany.

One of the main contentions of the defendant company was that
the fright of the mules, even if first caused by the defendant's
engine, had ceased, and the driver had stopped their running and
had them under control, and that after the mules and wagon had
proceeded and covered the intervening one hundred feet, they
struck the second railroad-track, which caused the empty bottles
on the wagon to rattle, thereby scaring the mules again, and caus-
ing them to run into and injure the plaintiff, and that therefore
the negligence of the defendant company (if it was negligent) in
first frightening the mules was not the proximate cause of the
injury.   Under this contention, and the evidence which supported
it, the requests to charge on this point, which were refused by the
court, were pertinent and should have been given, as they were not
sufficiently covered by the charge given.

As the case must be retried, we forbear to express any opinion as
to whether or not the verdict was supported by the evidence.

*Judgment reversed.*