9796

HUGGINS v. TURNER *ET AL.*

(93 S. E. 336.)

APPEAL AND ERROR—REMAND FOR TRIAL OF ISSUE.—Where upon the issue in chancery as to the delivery of the deed the master and the Judge disagreed the case will be remanded for the trial of that issue by the jury where the testimony is so conflicting that this Court cannot determine the issue.

Before MAULDIN, J., Columbia, April, 1916. Issues directed.

Action between Jane Huggins and W. D. Turner and others. From the judgment entered, the former appeals. Remanded for trial of issues of delivery by jury.

*Mr. J. Hughes Cooper* and *Jas. S. Verner,* for appellant, cite: *As to authority of agent to deliver deed after death of principal:* 106 S. C. 300; 27 S. C. 316; 40 S. C. 415 and 460. *Forfeiture of estate:* 15 S. C. 11; 65 S. C. 251.

*Mr. W. Hampton Cobb,* for respondent, cites: *As to delivery of deed:* 23 S. C. 89; 44 S. C. 372; 74 S. E. 610; 93 S. C. 450. *As to forfeiture of estate:* 75 S. C. 432.

FOOTNOTE.—As to submission of issues of fact on appeal in chancery cases to a jury, see *Huntley v. Welsh,* 61 S. C. 566, 39 S. E. 767; *Bell v. Bell,* 99 S. C. 501, 84 S. E. 369; *Newbold v. McCrorey,* 103 S. C. 299, 87 S. E. 542.

September 3, 1917.

The following order was made

PER CURIAM. The principal question in this case is one of fact, to wit: Was the deed from John D. Fields to E. D. Marsh delivered, on September 10, 1899, in the legal sense of the word, that is, so as irrevocably to pass the title of the land therein described to Marsh on that date, subject to the estate therein granted to Jane Fields, now Jane Huggins? The master, who saw and heard the witnesses, found that it was not so delivered. The Circuit Judge, who heard the case on the testimony as reported by the master, found that it was. The truth of the matter depends so much upon the character and veracity of the witnesses, and their testimony is so conflicting, that we are unable to reach a satisfactory conclusion upon that issue.

It is, therefore, ordered that the case be remanded to the Circuit Court for the trial of that issue by a jury. As the undisputed evidence shows that there was no actual delivery of the deed to Marsh in person, until some time in March, 1913, more than 13 years after its date, and about 5 years after the death of Fields, upon the trial of the issue ordered let those who claim under the deed take the burden of proof of delivery thereof, at date thereof, to J. A. Davis for the benefit of Marsh; and let the finding of the jury be certified to this Court with all convenient speed. Remanded for trial of issue of delivery by jury.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.