18674

Marcel D. BLAKELY, Respondent, v. Wilhelmina G. BLAKELY, Appellant, *In Re* Wilhelmina G. BLAKELY, Plaintiff, v. Marcel D. BLAKELY, Defendant.

(155 S. E. (2d) 857)

*Messrs. Jenkins, Perry & Pride,* of Columbia, *for Appellant,*

*Messrs. Lewis & Cobb,* of Columbia *for Respondent,*

July 6, 1967.

BUSSEY, Justice.

This appeal involves an issue as to alimony in a divorce action. The wife, appellant here, was granted a divorce by a decree of Judge Bates of the Richland County Court, on September 9, 1966, on the ground of physical cruelty. The decree settled certain property rights and awarded the wife alimony at the rate of $100.00 per month for a period of twelve months, commencing October 1, 1966. There was no appeal from the order of Judge Bates, but the husband paid no part of the alimony, and in December 1966, sought,

on an alleged change of conditions, to be relieved of the payment of such, and as a result of this proceeding, Honorable Harry M. Lightsey, as acting Judge of the Richland County Court, after a hearing, modified or amended the alimony provision of the order of Judge Bates as follows:

"That beginning on January 1, 1967, and continuing thereafter on the first day of each successive month, for a total of twenty-one months, the said Marcel D. Blakely pay to Wilhelmina G. Blakely the sum of $50.00 each month; and further,

"That during the 22nd month the Petitioner shall pay to Wilhelmina G. Blakely the sum of $150.00, thus making a total of $1,200.00 as alimony."

The wife appealed therefrom, alleging error. It appears that both husband and wife are educated persons, the husband being a public school teacher and the wife having been employed by Benedict College as Associate Comptroller. They had no children and their respective earning capacities were approximately the same. At the time of the divorce proceeding the wife had made arrangements for a leave of absence for the purpose of further pursuing her education at New York University for the scholastic year 1966-67, as a result of which she would have no earned income for approximately one year. The record leaves no doubt that it was contemplated by the parties, and by Judge Bates, that the wife would, in the normal course of events, return to gainful employment after one year. The alimony awarded was arrived at in the light of the foregoing.

The order of Judge Lightsey extended the time in which the husband would be required to pay the alimony ordered well beyond the time of the still anticipated return of the wife to gainful employment. For his order to be reversible, however, it must appear that error on his part, if any, was material and prejudicial to the substantial rights of the appellant. *Anderson v. Elliott,* 228 S. C. 371, 90 S. E. (2d) 367; *Williams v. Newton,* 86 S. C. 248, 68 S. E. 693.

The appeal reaches this court at a time when the wife has completed her year at New York University, and expects to return to gainful employment by October 1967. On oral argument, it was conceded by counsel for the wife that, under the present circumstances, it is immaterial whether the alimony decreed is paid pursuant to the order of Judge Bates or pursuant to the order of Judge Lightsey, as long as she receives alimony in the total amount of $1,200.00. It further developed in oral argument that the only reason this appeal is before the court is apprehension on the part of the wife and her counsel that the husband will seek further relief from the alimony decree upon the planned return of the wife to gainful employment, counsel for the wife having been unable to obtain from counsel for the husband any stipulation to the effect that the husband was bound to pay the full amount of $1,200.00, and that the award was not subject to further modification upon return of the wife to gainful employment.

It thus appears that the real issue between the parties concerns, not the manner of payment, but rather the question of whether or not the total amount of alimony decreed is subject to modification.

Although the order of Judge Bates did not specifically say so, under all the facts and circumstances reflected by the record, we think he clearly intended the alimony award as being in gross in the amount of $1,200.00, which the husband was ordered to pay in installments at the rate of $100.00 per month. Judge Lightsey obviously so construed the order of Judge Bates, and reaffirmed, rather than modified, the total amount. The husband has appealed neither from the order of Judge Bates nor that of Judge Lightsey. In 24 Am. Jur. (2d) 785, Divorce and Separation, Sec. 668, the general rule is stated as follows:

"If the divorce court awards alimony in gross, or in a lump sum, without reserving the power to amend, the court cannot modify the provision, even where it is payable in installments."

While we can conceive of circumstances under which the quoted rule might very well not be soundly applicable, we have no hesitancy in holding, under the equities disclosed by the record in this case, that the alimony decree is not subject to modification as to the total amount of $1,2000.00, which holding on our part disposes of the real controversy between the parties.

In view of the foregoing construction of the orders of Judge Bates and Judge Lightsey and the concessions made in oral argument, it appears that the errors, if any, in the order of Judge Lightsey are not now material or prejudicial to any substantial rights of the appellant, and accordingly, the judgment of the lower court will be affirmed.

This being an equity case, this court has the power and authority to determine payment of the costs of appeal. *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123; *Newbold v. McCrorey,* 103 S. C. 299, 87 S. E. 542, mod. 103 S. C. 299, 87 S. E. 1103. We are of the view that the equities of this case indicate that the cost of this appeal should be borne equally by the parties.

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.