THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 George A.
 Durden, Appellant/Respondent,
 v.
 Shirley N.
 Durden, Respondent/Appellant.
 
 
 

Appeal From Dorchester County
 Robert N. Jenkins, Sr., Family Court
 Judge
Unpublished Opinion No.  2009-UP-159
Submitted March 2, 2009  Filed March 31,
 2009
AFFIRMED

 
 
 
 George A. Durden, pro se, of Greenwood, for Appellant/Respondent.
 David L. Devane, and Ben F. Mack, both of Summerville, for
 Respondent/Appellant.  
 
 
 

PER CURIAM:  George A. Durden (Husband) and Shirley N.
 Durden (Wife) both appeal the family courts final order, reducing Husbands
 alimony to $325 per month and ordering each party responsible for their own
 attorney fees and cost.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities:
I.  Husbands Appeal
1. 
 As to whether this court should defer to the factual findings of the family
 court when this court has the right to review the evidence de novo: Ray v.
 Ray, 374 S.C. 79, 83, 647 S.E.2d 237, 239 (2007) (holding this court has
 the authority to find facts in accordance with its view of the preponderance of
 the evidence, but this broad scope of review does not require this court to
 disregard the findings of the family court who saw and heard the parties, and
 is in a better position to evaluate their credibility).
2.  As
 to whether Wifes financial declaration reflects a true statement of her
 financial position, and whether the trial court erred in: (1) considering Husbands
 share of his disability retirement annuity as a source of income for awarding
 alimony, (2) amending a draft of its final order, and (3) requiring Husband to
 pay a 5% service fee on his alimony: McDavid v. McDavid, 333 S.C. 490, 497,
 511 S.E.2d 365, 368-69 (1999) (holding any matter not raised and ruled upon by
 the family court cannot be considered by this court on appeal).     
3.  As
 to whether the family court erred in not eliminating alimony due to the Husbands
 substantial change of circumstances: Eubank v. Eubank, 347 S.C. 367,
 372, 555 S.E.2d 413, 415 (Ct. App. 2001) (The question of whether to increase
 or decrease support due to changed circumstances is within the sound discretion
 of the family court and such conclusions will not be disturbed on appeal absent
 an abuse of discretion.).  
4.  As to whether
 the family court erred in denying his request for retroactive alimony reduction: Thornton v. Thornton, 328 S.C. 96, 115, 492 S.E.2d 86, 96 (1997) (The
 decision to order retroactive support rests within the sound discretion of the
 family court and should not be reversed absent an abuse of discretion by the
 family court.).  
5.  As to whether
 the family court erred in denying his request for attorneys fees:  Simpson
 v. Simpson, 377 S.C. 527, 538, 660 S.E.2d 278, 284 (Ct. App. 2008) (The
 award of attorneys fees is within the sound discretion of the family court and
 absent an abuse of discretion, will not be disturbed on appeal.). 

II.  Wifes
 Appeal
1. 
 As to whether the family court erred in reducing Husbands alimony payment to
 Wife and in considering Wifes entitlements from the sale of the marital home
 in its decision to reduce Husbands alimony: Eubank, 347 S.C. at 372,
 555 S.E.2d at 415 (The question of whether to increase or decrease support due
 to changed circumstances is within the sound discretion of the family court and
 such conclusions will not be disturbed on appeal absent an abuse of
 discretion.); Penny v. Green, 357 S.C. 583, 589, 594 S.E.2d 171, 174
 (Ct. App. 2004) (holding the family court may consider several factors in its
 determination to modify alimony, including the parties standard of living
 during the marriage, each partys earning capacity, and the supporting spouses
 ability to continue to support the other spouse); Blakely v. Blakely, 249
 S.C. 623, 625, 155 S.E.2d 857, 858 (1967) (stating an error must be material
 and prejudicial to the substantial rights of the appellant in order for an
 alimony order to be reversible).  
2. 
 As to whether the family court erred in denying Wifes request for an award of
 attorneys fees: Simpson, 377 S.C. at 538, 660 S.E.2d at 284 (The award
 of attorneys fees is within the sound discretion of the family court and
 absent an abuse of discretion, will not be disturbed on appeal.). 
AFFIRMED.[1]
HEARN, C.J., PIEPER and LOCKEMY, concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.