## 20852

Sybil Crocker MASON, Appellant, v. Keith Frederick MASON, Respondent.

(251 S. E. (2d) 198)

*William D. Rhoad,* Bamberg, *for appellant.*

*Melvin K. Younts,* of *Younts, Spivey & Gross,* Greenville, *for respondent.*

January 11, 1979.

RHODES, Justice:

This appeal is from an order granting a divorce and collateral relief to the appellant, Sybil Mason. We affirm portions of the order determining the parties rights in the residence and personal property, but reverse the award of alimony.

Appellant contends that the trial judge erred in terminating appellant's alimony after 26 weeks and requiring her to be totally and permanently disabled in order to petition for future alimony. The alimony provisions of the divorce decree ordered:

That the Defendant, Keith Frederick Mason, be and he hereby is Ordered to pay to the Plaintiff the sum of Sixty-six ($66.00) Dollars for support each and every week for a period of Twenty-six (26) weeks, commencing the date of this Decree, to allow the said Plaintiff ample time to establish herself in gainful employment and said payments shall cease at the end of Twenty-six (26) weeks. Should the Plaintiff become totally and permanently disabled at any time in the future, she shall have the opportunity to petition the Court to seek support and/or alimony as shall be necessary to maintain herself.

While respondent argues that this award was warranted by Mrs. Mason's misconduct and financial stability, we cannot agree due to the absence of factual findings and evidence to support these contentions.

In *Murray v. Murray,* S. C., 244 S. E. (2d) 538 (1978), this Court approved alimony of $400 a month for 6 months

where the unchallenged findings revealed that disintegration of the marriage was the fault of the wife. No such findings of fault or msiconduct on the part of Mrs. Mason were made by the lower court in the present case. Instead, the trial judge found sufficient evidence of physical cruelty on the part of Mr. Mason to grant appellant a divorce on this ground.

The trial judge specifically found that the wife expected to find more suitable employment which would result in a salary sufficient to meet her needs. The trial judge also found that the wife was employed during most of the marriage. Although Mrs. Mason testified that she had procured employment just prior to the final hearing, there was no evidence as to what her income was to be from this employment. She also testified that she only worked occasionally as a part time beautician during the marriage and preferred to honor her husband's desires by staying at home. Even Mr. Mason's testimony revealed that she had not been successful as a cosmetologist because she was incapable of dealing with people. We have recognized that the ability of the wife to earn money in the future is a factor to be considered in establishing alimony. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963). However, under the circumstances of this case, we cannot conclude that the future or present self-sufficiency of the wife was adequately demonstrated by the evidence to justify the termination of her alimony on this basis, particularly in view of the fact that the terms of the order denied her the opportunity to have her status reviewed except under the drastic circumstances of total disability.

In light of the inadequacy of evidence to justify the temporary nature of this award, we conclude that the lower court erred in terminating Mrs. Mason's alimony after 26 weeks. *Gill v. Gill,* 269 S. C. 337, 237 S. E. (2d) 382 (1978).

Since this case is to be remanded for reconsideration of the question of alimony, we feel guidance should be given with respect to the propriety of the provision in the order

restricting the wife's reapplication for alimony to periods when she would be permanently and totally disabled. In *Blakely v. Blakely,* 249 S. C. 623, 155 S. E. (2d) 857 (1967), this Court was asked to determine the right to modification under a decree which ordered the husband to pay $50 a month for 21 months and $150 during the 22nd month ". . . thus, making a *total of $1,200.00 as alimony."* (Emphasis added). We construed the award as alimony in gross and quoted with approval the general rule from 24 Am. Jur. (2d), Divorce and Separation, § 668:

If the divorce court awards alimony in gross, or in a lump sum, without reserving the power to amend, the court cannot modify the provision, even where it is payable in installments.

*Id.* 249 S. C. at 626, 155 S. E. (2d) at 858.

Unlike *Blakely,* the divorce decree at hand did not intimate that the twenty-six payments were to constitute Mrs. Mason's total alimony allotment thereby warranting a construction of it as a lump sum. It is our conclusion that the award is properly construed as periodic alimony.

Alimony in the form of periodic payments is subject to § 20-3-170 which provides, in pertinent part:

Whenever any husband, pursuant to a judgment of divorce . . . has been required to make his wife any periodic payments of alimony and the circumstances of the parties . . . shall have been changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments . . . .

The effect of this statute is a clear reservation of continuing jurisdiction in all cases of periodic alimony to assure the power of the court to modify such alimony upon changed conditions. *See Taylor v. Taylor,* 241 S. C. 462, 128 S. E. (2d) 910 (1962). Thus, in the factual context of this case,

we conclude that it was beyond the power of the Family Court to deny these statutory rights by precluding the wife from making applications for alimony except under the specific circumstances set forth in the order.

■ Appellant also contends that the trial judge erred in dividing the personal property by means of itemized lists submitted to him by both parties. As no objection was made to this method at the hearing, appellant has waived this exception and this issue is not properly before us.

■ Finally, appellant excepts to the lower court's disposition of the marital residence by ordering that the parties each have one half of the equity in the jointly owned property. We conclude that this exception is without merit and governed by settled principles of law. Because a full written treatment of this issue would have no precedential value, we accordingly dismiss this exception under Rule 23 of the Rules of Practice of this Court.

■ Appellant has requested this Court to set a fee for her attorney on this appeal. A fee of $300 is deemed proper in light of the financial condition of respondent, and we direct respondent to pay appellant this amount.

For the reasons stated, we reverse the alimony award and remand to the lower court to determine a reasonable and just amount of alimony. The remaining portions of the order are affirmed.

Affirmed in Part; Reversed In Part and Remanded.

Lewis, C. J., and Littlejohn and Gregory, JJ., and Joseph R. Moss, Acting Associate Justice, concur.