## 20888

Michael L. ELVIS, Appellant, v. Jeri Lynn Coleman ELVIS, Respondent.

(252 S. E. (2d) 142)

*George L. Jones,* Charleston, *for appellant.*

*Paul N. Uricchio, Jr.,* Charleston, *for respondent.*

February 15, 1979.

*Per Curiam:*

A hearing was scheduled before the family court judge pursuant to a rule to show cause requiring respondent, Mrs. Elvis, to show cause as to: (1) why she should not be held in contempt of court for an alleged violation of a previous temporary custodial order; and (2) why the appellant, Mr. Elvis, should not be granted extended and specific times of visitation with his minor daughter. A previous order of

another family court judge awarded temporary custody of the child to the respondent wife, but was silent on the matter of appellant's rights of visitation.

When the matter came on for hearing, the judge and counsel for both parties entered into an extended discussion of the case in the presence of both parties. Although the obvious attempt was to arrive at an amicable resolution of the issues, the record contains much extraneous matter and it is apparent that no specific resolution of the difficulty was effected. At this point, no sworn testimony had been taken at the hearing. Counsel for appellant then requested that he be allowed to put his client on the stand to testify on the issues made by the rule. This request was denied by the judge on the stated ground that he did not have sufficient time to allow him to examine each witness. Thereafter, the judge issued an order denying all relief requested in appellant's petition and awarding Mrs. Elvis attorney fees and travel costs from Tennessee to Charleston.

It is patent from the above recital of events that appellant was improperly denied the right to present testimony. The order which was issued was based on neither testimony nor any agreement between the parties or their counsel.

Reversed and remanded for further proceedings not inconsistent with this opinion.