380

Paul Ronald STAHL, Appellant, v. Pamela Kathleen STAHL,
Respondent.

(278 S. E. (2d) 782)

*Steven E. Solomon,* Myrtle Beach, *for appellant.*

*David R. Gravely,* Myrtle Beach, *for respondent.*

May 28, 1981.

*Per Curiam:*

Appellant initiated this action by filing a Petition in Family Court alleging that respondent was an unfit mother and requesting temporary custody of the three minor children.

Respondent filed a Return and Counterclaim in which she denied appellant's allegations and requested that the court give full faith and credit to an Arizona divorce decree awarding custody of the children to respondent.

The court issued its Order giving full faith and credit to the Arizona divorce decree, confirming respondent's right of custody and control of the children and awarding respondent five hundred dollars ($500) for attorney's fees and four hundred dollars ($400) for expenses.

This Order fails to set forth the salient facts upon which the lower court (1) recognized the jurisdiction of the Arizona court to award this decree; (2) confirmed respondent's right of custody and control of the children under that decree; and (3) determined that nine hundred dollars ($900) was an adequate award for attorney's fees and expenses. The Order does not comply with the requirements of Family Court Rule 27(3) and the record is insufficient to permit review by this Court. *Garvin v. Garvin,* S. C., 271 S. E. (2d) 413 (1980); *Jones v. Jones,* 270 S. C. 280, 241 S. E. (2d) 904 (1978).

Accordingly, we remand to the Family Court for further consideration of the issues and an order setting forth fully the facts upon which the lower court gave full faith and credit to the Arizona decree, confirmed respondent's right of custody of the children, and awarded attorney's fees and expenses.