21620

Bernard BUGG, Respondent, v. Roger Mae BUGG, Appellant.

(286 S. E. (2d) 135)

*Joseph T. McElveen, Jr., of Bryan, Bahnmuller, King, Gold-man & McElveen,* Sumter, *for appellant.*

*John O. McDougall, of Weinberg, Warner, Brown & Mc-Dougall,* Sumter, *for respondent.*

January 5, 1982.

LITTLEJOHN, Justice:

Roger Mae Bugg (Wife) appeals from a Family Court Order following a hearing involving separate actions filed by her and by Respondent, Bernard Bugg (Husband).

That Order (1) denied Husband's request for a divorce *a vinculo matrimonii,*[1] (2) granted Wife a $10,000 interest in the real property accumulated during marriage, (3) denied alimony for Wife, and (4) denied attorneys' fees and costs for Wife.

Wife argues that her interest in the marital property exceeded the $10,000 award. Specifically, she claims a larger equitable interest in the real property acquired during marriage and also an equitable interest in Husband's military

---

[1] The alleged ground for divorce was desertion. The trial judge concluded from the facts that Husband failed to establish that he did not consent to wife's departure, a necessary element of desertion.

retirement pay. The personal property was divided by agreement between the parties.

At oral arguments before this Court, counsel for Wife withdrew the claim to Husband's military retirement pay on the grounds that this claim was controlled by the recent U. S. Supreme Court decision of *McCarty v. McCarty*, .... U. S. ...., 101 S. Ct. 2728, 69 L. Ed. (2d) 589 (decided June 26, 1981). *McCarty* involved a marriage dissolution proceeding under California community property laws wherein the U. S. Supreme Court held that one's military retirement pay was not subject to division between the parties by the state court pursuant to the community property laws.[2] We agree that *McCarty* precludes Wife's claim.

Wife argues that the $10,000 equitable interest award in the marital real property, appraised at $48,000 at the time, was inadequate.

The parties were married from 1942-1977, at which time they separated following a domestic argument. Husband served in the military from 1941 until his retirement in 1962. At that time, he entered college to study accounting and graduated in 1965. In 1964, his first experience with depressive illness occurred. Since 1965, he has worked at various jobs (accountant, teacher, carpenter, purchasing agent) and, at the time of the hearing, operated a small bicycle repair shop. A psychiatrist testified that Husband will always need some treatment for his depression and is not capable of maintaining full-time employment.

Shortly after marriage, Wife terminated her employment with the Civil Service in order to raise the first of their two children. She returned to work as a secretary in 1963 and has since continued in that capacity. It was her testimony that

---

[2] Community property laws are followed in eight states. Under these laws, each spouse is entitled to an equal and absolute half interest in all property acquired during marriage. The marital property does not include assets acquired as the *separate* property of a spouse (e.g., property acquired before marriage, property acquired separately through gift). The underlying theory is that each spouse is deemed to make an equal contribution to the marital enterprise, and, therefore, each is entitled to share equally in its assets. *McCarty v. McCarty*, supra.

she began work because they needed the money since both her husband and son had entered college and her husband had retired.

Based upon all the testimony, the trial judge made the following factual determination:

. . . [T]he wife contributed to the family circle in rearing the children of the parties, in maintaining the home and assisting the Petitioner during his military career; the Court also considered the frugal manner in which the Respondent [Wife] maintain [sic] the household and the manner in which she was a housewife and mother for thirty-seven (37) years; that she worked since approximately 1961 to obtain a better life for the family and the minor children; this Court further considered that the Respondent [Wife] did all "normal" household duties of a wife such as laundering, washing, ironing, preparation of food, etc., and that she contributed a substantial portion of her salary to maintain many of the household expenses for utilities, clothing, telephone, food, household supplies and other debts; the Court further considered the monies expended by the Respondent [Wife] and the efforts that she made toward the upkeep of the home such as painting, maintaining the lawn, adding insulation, storm windows, doors, etc.

This being an equity case decided by the trial judge without reference to a master or referee, we decide the issues in keeping with our view of the preponderance of evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Under the facts, we think the $10,000 equitable interest awarded the Wife was inadequate. As to this issue, the case should be remanded for redetermination of Wife's proper equitable interest in the marital real property heretofore valued at $48,000.

Wife next contends that she was entitled to alimony, or at least that this right should have been left open for possible future needs and determination. At the time of the hearing, the Husband was unable to retain full-time employment due to his depressive condition, whereas the Wife worked full time and enjoyed good health. We find

no abuse of discretion in denying alimony or attorneys' fees and costs to the Wife.

We are of the opinion, however, that the only reason for denying alimony in this case as of the time of the decree is the fact that momentarily the Wife's income from her employment is sufficient to provide for her needs. If she were unemployed, alimony would definitely be appropriate in this case. While military retirement pay is not subject to equitable distribution, it is properly considered in determining whether alimony should be paid and, if so, in settting the amount. The right to future alimony must, of course, rest upon all the circumstances surrounding the two parties at some time in the future when conditions may have changed.

Additional issues raised are without merit and are dismissed under Rule 23.

In light of our disposition of the issues above, the case is hereby remanded for a reconsideration of the equitable interest and for modification of the order to expressly reserve Wife's right to future alimony.

Reversed and Remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.