21623

James A. CARTER, Appellant, v. Ruby T. CARTER, Respondent.
(286 S. E. (2d) 139)

*Hans F. Paul, of Paul, Seaton & De Vane,* Charleston Heights, *for appellant.*

*Henry T. Gaud,* Charleston, *for respondent.*

January 6, 1982.

HARWELL, Justice:

This is an appeal from a Family Court order granting appellant a divorce on grounds of twelve months continuous separation and awarding respondent alimony, one-half of all pay-

ments from appellant's retirement fund, and attorney's fees. We remand the case, directing the Family Court to have a de novo hearing and to comply with Family Court Rule 27(3).

After twenty-eight years of marriage, appellant and respondent separated. Respondent remained in the marital residence, and appellant continued to pay all taxes and insurance for respondent. He also provided respondent with an automobile and $125 a week. Appellant works approximately sixteen hours a day at two jobs: as a sheet metal mechanic for the Naval Weapons Stations and as a part-time contract welder. Respondent is employed part-time at an elementary school.

Initially, we recognize that the divorce decree fails to set forth the salient facts upon which the lower court (1) granted respondent alimony of $316.15 every two weeks (2) divided appellant's civil service retirement fund with respondent, and (3) determined that respondent was entitled to $750 attorney's fee. Because the order does not comply with the requirements of Family Court Rule 27(3), the record is insufficient to permit review by this Court. *Stahl v. Stahl,* S. C., 278 S. E. (2d) 782, 1981; *Garvin v. Garvin,* 275 S. C. 379, 271 S. E. (2d) 413 (1980).

Also, the judgment was entered in contravention of Family Court Rule 16. The trial judge stated at the outset:

After a lengthy conversation, we have reached what we think is a fair settlement of the property—money matters involved. I say settlement, the attorneys—I've advised them what my decision would be if the proof was forthcoming to that effect.

Appellant's attorney replied that his client did not consent to the settlement voluntarily but that he had informed his client that the settlement was the consensus of the court. Then respondent was excused and the hearing proceeded solely to put the grounds for divorce on record. The trial judge made his determination of alimony, property settlement and attorney's fees without the aid of sworn testimony or any agreement between the parties or their counsel. We were faced with similar facts in *Elvis v. Elvis,* 272 S. C.

413, 252 S. E. (2d) 142 (1979). The trial judge and counsel for both parties entered into a discussion at the hearing. Both parties were present. However, no specific resolution was reached. No sworn testimony was taken although the appellant requested an opportunity to testify. The judge issued his order without the assistance of testimony or agreement between the parties. We held that the appellant was denied his right to present testimony.

We believe that appellant was similarly denied the right to a hearing as contemplated by Family Court Rule 16.

The trial court apparently treated appellant's civil service retirement fund as if it were marital property. In the recent case of *McCarty v. McCarty* .... U. S. ...., 101 S. Ct. 2729, 69 L. Ed. (2d) 589 (1981), the United States Supreme Court held that military nondisability retired pay was not marital property subject to state community property laws.

We conclude that civil service nondisability retired pay should not be considered property to be equitably divided upon dissolution of marriage. Instead, the retirement fund may be considered as a factor in determining alimony. In *McCarty*, the court stated that applying state property principles to military retired pay threatened grave harm to clear and substantial federal interests. By reducing the amounts Congress had determined was necessary for the retired member, state property division of retired pay had the potential of frustrating the congressional objective of providing for the retired service member. Also, such division would have the potential to interfere with congressional goals of having the military retirement system serve as an inducement for enlistment and re-enlistment and as an encouragement to orderly promotion and a youthful military. We feel that the same treatment of military and civil service retirement benefits is appropriate.[1]

Accordingly, we remand to the Family Court for a de novo hearing and for an order setting forth the salient facts upon

[1] Although contributions to any pension fund other than civil service retirement funds are not presently at issue, we state for the edification of the bench and bar that these contributions are generally not subject to equitable distribution.

which it relied. Appellant's civil service retirement fund should not be divided as marital property but may be considered in determining alimony.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.