21931

William M. HAYNES, Appellant-Respondent, v. Marie G. HAYNES, Respondent-Appellant.

(303 S. E. (2d) 429)

*Paul N. Uricchio, Jr.,* and *Alan D. Toporek,* both of *Uricchio, Howe & Krell,* Charleston, *for appellant-respondent.*

*John J. Kerr,* of *Brockinton, Brockinton & Smith,* Charleston, *for respondent-appellant.*

May 26, 1983.

LITTLEJOHN, Justice:

The Plaintiff (Husband) William M. Haynes brought this action against the Defendant (Wife) Marie G. Haynes, praying for a divorce *a vinculo matrimonii* on the ground of separation for one year. The Wife answered interposing a general denial and requested that if a divorce were granted, a division of the marital property be made and distributed to the parties. She also asked for alimony and attorney fees. From the order detailed hereafter, both parties have appealed. We reverse.

The parties to this action were married in 1951 and lived together until November of 1977. To the union were born six children who, as of this time would be between the ages of approximately nineteen and approximately thirty-two years. The Husband is a retired Lt. Commander from the U. S. Navy and draws $1,721.60 per month as retirement pay. In addition, he is employed and earns approximately $1,000 per month. The Wife is also employed as a nurse and earns approximately $976 per month. During the marriage of some twenty-seven years, she, in addition to rearing the six children, worked for approximately eleven years and contributed her earnings to family expenses.

The trial judge held that the Husband's military retirement pay was subject to equitable distribution but in the exercise of his discretion, he declined to equitably divide the retirement pay and instead awarded the Wife $300 per month alimony and $150 per month as child support.

The Husband appeals, alleging error "... in finding that military retirement income constitutes compensation for past services and in this instance property acquired during the marital estate subject to an equitable distribution."

The Wife has appealed, alleging error in: (1) failing to make equitable division of the retirement pay; (2) in awarding alimony and child support in lieu of equitable distribution; and (3) in abusing his discretion as to the amount of alimony and child support awarded in lieu of equitable distribution.

At the time of the judge's order (1980), *McCarty v. McCarty*, 453 U. S. 210, 101 S. Ct. 2728, 69 L. Ed. (2d) 589 (1981) had not been decided by the Supreme Court of the United States. That case held that military retirement funds were not marital properties subject to equitable distribution. Thereafter, the

Congress of the United States enacted the Uniform Services Former Spouses Protection Act, 10 U.S.C.A. § 1001 *et seq.,* which, in effect, invalidated *McCarty* and permitted, but did not require, states to divide military retirement pay treating it as property in divorce proceedings.

This Court, being fully aware of both *McCarty* and the Act, in the case of *Brown v. Brown,* S. C., 302 S. E. (2d) 860 filed May 4, 1983, held:

> However, the final decision concerning the treatment of military retirement funds remains with the states. We may treat them as income to the retired serviceman and therefore as a factor in determining alimony, or we may treat them as marital property subject to equitable division. We prefer to treat the fund as income and *not* as marital property.

We had previously, in the cases of *Bugg v. Bugg,* 277 S. C. 270, 286 S. E. (2d) 135 (1982) and *Carter v. Carter,* 277 S. C. 277, 286 S. E. (2d) 139 (1982), followed the ruling in *McCarty,* holding that retired military pay was not marital equitable distribution property. We said, however, in *Bugg* that military retirement pay "... is properly considered in determining whether alimony should be paid and, if so, in settling the amount." In *Carter,* we said "... the retirement fund may be considered as a factor in determining alimony."

In the light of *Brown,* it necessarily follows that the trial judge erred in ruling that the Husband's retirement pay was subject to equitable distribution. In the order appealed from, the trial judge did not have the advantage of the holdings of this Court in *Bugg* and *Carter,* which were decided later. While we hold that military retirement pay is not equitably distributable, we are of the view that the Wife in this case would be entitled to a substantial portion of retirement pay if such were the law in this state. There was a gross abuse of discretion in granting to the Wife only $300 per month alimony. It is apparent that the Judge did not take into consideration the military pay, but must have based the award principally upon earnings from the Husband's present employment.

Insofar as the award of child support is concerned, we remand for such further orders as may be appropriate because there has obviously been a change of condition since the judge's order some four years ago.

We remand the case for a trial *de novo* (1) as to the amount of alimony due the Wife; (2) as to a further consideration of child support; (3) for a consideration of attorney fees. While a *de novo* trial is required, counsel may stipulate any part of the record before us as being appropriate for consideration in the court below.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.