0070

James Edward CONDON, Appellant, v. Martha Jones CONDON, Respondent.

(312 S. E. (2d) 588)

Court of Appeals

358

*Deena Smith McRackan*, Columbia, *for appellant.*

*Walter Bilbro, Jr.*, Charleston, *for respondent.*

Feb. 10, 1984.

SHAW, Justice:

The appellant-husband appeals from the order of the trial judge awarding child support, alimony, payments on money loaned by the wife to the husband, and the wife's attorney's fees.

The parties involved, husband and wife, separated around June 30, 1979, after nearly an eleven year marriage which had produced one daughter. On July 6, 1979, they entered into a Property Settlement and Separation Agreement, which never received court approval. This agreement was modified by the parties in May of 1980 to provide for the transfer of some property.

After an attempt at reconciliation failed, the appellant — Mr. Condon initiated this action in October of 1980 for a divorce on the ground of one year's continuous separation. He asked that the July, 1979 agreement be reviewed by the court and reformed as it deemed appropriate. The respondent — Mrs. Condon counterclaimed for a divorce on the ground of

adultery, for adoption of the July, 1979 agreement as modified in May of 1980, and for alimony.

When one party seeks to have a written agreement made an order of the court and the other party seeks to change or repudiate the agreement, it is incumbent upon the Family Court to determine that the agreement is fair in light of economic circumstances of each party. *Drawdy v. Drawdy*, 275 S. C. 76, 268 S. E. (2d) 30 (1980).

If the Family Court deems that the agreement is unfair and not in the best interest of the parties, especially minor children, the court is obligated to take testimony to enlighten it to make an equitable finding regarding all legal differences between the parties.

After hearing testimony, the Family Court, finding cohabitation to have occurred within the year, denied Mr. Condon's divorce petition. Mrs. Condon was granted a divorce on the ground of adultery and awarded child support of $390 per month to be automatically increased to $540 per month in twenty four months, payment of all medical and dental bills of the child, alimony of $10 per month, payments of $100 per month on a total debt of $1,108.11 owed by Mr. Condon, and payments of $150 per month toward total attorney's fees award of $2,000. We affirm in part, reverse in part and remand.

In divorce actions which are actions in equity tried by the judge alone without a reference, the Court of Appeals has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Associates*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

In the trial judge's order, he provided that the amount of child support to be paid by Mr. Condon should automatically increase from $390 per month to $540 after twenty four months. We find no precedent for this type award and consider it an abuse of discretion.

Section 20-3-160 gives the court the power to award child support. Section 20-7-420(17) states that orders of support shall run until further order of the court. The trial court has authority to increase, decrease or terminate, upon a proper showing of a change of conditions, the support payments provided for in a judgment of divorce. *Cason v. Cason*, 271 S. C.

393, 247 S. E. (2d) 673 (1978); *Campbell v. McPherson,* 268 S. C. 444, 234 S. E. (2d) 774 (1977); *Smith v. Smith,* 262 S. C. 291, 204 S. E. (2d) 53 (1974).

By providing for an automatic increase in child support, the lower court has arbitrarily increased the amount of support without a showing of a change of conditions. This was error. It is unknown what conditions might exist in twenty four months. The future conditions could call for more or less than the amount set in the order. The part of the order increasing the amount of child support after twenty four months is hereby reversed.

We also find it necessary to remand for a new determination of the basic child support award because the order does not comply with Rule 27(C) of the Rules of Practice for the Family Courts. The order does not set forth the salient facts on which the court based the award with sufficient particularity to permit review by this court. On remand the Family Court should make specific findings of fact on the factors we outlined in *Atkinson v. Atkinson,* 309 S. E. (2d) 14 (S. C. App. 1983).

Regarding the award of $100 per month on a total debt of $1,108.11 and the award of $150 per month on $2,000 attorney's fees, these issues are remanded to the Family Court for a *de novo* hearing because the court below failed to comply with Rule 27(C) of the Rules of Practice for the Family Courts and because the record is insufficient to permit adequate review by this court. *Atkinson v. Atkinson,* 309 S. E. (2d) 14 (S. C. App. 1983); *Carter v. Carter,* 277 S. C. 277, 286 S. E. (2d) 139 (1982); *Stahl v. Stahl,* 276 S. C. 380, 278 S. E. (2d) 782 (1981).

At oral argument, the parties stipulated that the alimony issue had become moot.

The granting of the divorce on the ground of adultery is affirmed.

Accordingly, this case is

Affirmed in part, reversed in part and remanded.

BELL and GOOLSBY, JJ., concur.