22366

Thelma R. HERRING, Appellant, v. Sammie Archie HERRING, Respondent.

(335 S. E. (2d) 366)

Supreme Court

*Nancy H. Bailey*, Dillon, *for appellant.*

*John C. Lindsay, Jr.*, Bennettsville, *for respondent.*

Heard June 4, 1985.

Decided Oct. 14, 1985.

CHANDLER, Justice:

Thelma R. Herring (Wife) appeals from Decree of the family court which, after granting her a divorce on the ground of adultery, determined issues of equitable distribution and possession of the famly residence, alimony and child support, and attorneys fees.

Wife appeals on several grounds. We affirm as modified and remand for further proceedings in accordance with this opinion.

A divorce action is one in equity heard by the trial judge without a reference. This Court's scope of review extends to the finding of facts based on its own view of the preponderance of the evidence. *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984).

## FACTS

Wife and Respondent (Husband) were married in 1957 and are parents of three children, two of whom are emancipated.

The third child, Tony, was age eight at the time of family court hearings.

The parties' marriage was marked throughout by problems, resulting in several separations, the final of which was on June 26, 1982.

Shortly after the marriage Husband was in military service. Following discharge he began work with Carolina Power and Light Company (CP&L), where he is still employed.

In 1973 Wife and Husband purchased, in both names, a lot and residence in McColl, South Carolina, for $22,000.00. Husband contributed $1,000.00 to the purchase and later invested an inherited $2,000.00 in renovations. It is undisputed that Husband used his talents in carpentry and construction to upgrade the lot and residence, including the addition of a swimming pool, so that the value of the family residence at the time this litigation began had risen to $46,000.00 with a net equity of $25,800.00.

In the course of the marriage Husband accumulated CP&L stock worth approximately $7,000.00. Remaining assets consisted of one automobile valued at $3,500.00, another not valued and personal property or furniture worth $5,000.00.

Husband's take-home pay from CP&L is $1,506.73 per month. Wife, according to her financial declaration, earns an average of $280.00 per month as a salesperson for World Book and as a substitute teacher, although this income is subject to fluctuation.

## ORDER OF TRIAL COURT

The trial judge's order granted Wife a divorce on grounds of adultery.

As to equitable distribution of real property, Husband was awarded 70% of the family residence, Wife, 30%. Further, right was given Husband to purchase Wife's 30%, failing in which Wife would be entitled to purchase Husband's 70% interest; if neither purchased the interest of the other, the residence would be sold and proceeds divided 70% — 30%. He also made a distribution of personal property, awarding Wife an automobile and household furniture which he held offset Husband's retention of the CP&L stock.

Wife's request for possession of the family residence until the minor son's reaching majority was denied. The court expressed concern as to Wife's "... ability to maintain the residence without great cost to her ..." with ultimate loss in its value to both parties.

Alimony was decreed in the amount of $350.00 per month for a period of three years only, referred to by the trial judge as "a rehabilitative period of time," with immediate termination in event Wife should remarry within that period. The court limited alimony to three years on the basis that Wife was capable of performing more remunerative employment, and should be able to do so at the end of three years.

Husband was ordered to pay child support of $150 per month for three years, after which the amount would be increased to $250.00.

Wife's request that Husband bear the expense of their minor son's private school tuition was denied, but Husband was ordered to assist Wife in providing for post high school education.

Wife's petition for attorneys fees of $750.00 was denied. Husband was ordered to pay to Wife's attorney the sum of $400.00 "... to be applied toward the payment of the costs and expenses incurred by her in connection with this matter."

## I. EQUITABLE DISTRIBUTION

Wife contends that the trial judge failed to give sufficient weight to the element of fault, relative to Husband's adultery. We find the distribution equitable when the record is considered in its entirety.

## II. ALIMONY AND CHILD SUPPORT

The alimony awarded Wife by the trial judge is referred to in other jurisdictions as "rehabilitative", and defined as:

> ... alimony payable for a short, but specific and terminable period of time, which will cease when the recipient is, in the exercise of reasonable efforts, in a position of self support.

*Turner v. Turner*, 158 N.J. Super. 313, 385 A. (2d) 1280 (1978), cited in 97 A. L. R. (3d) 730, 742.

Our Court of Appeals held in *Millis v. Millis,* 282 S. C. 610, 320 S. E. (2d) 66 (1984), that rehabilitative alimony was not recognized in South Carolina. In the subsequent case of *Eagerton v. Eagerton,* _____ S. C. _____, 328 S. E. (2d) 912 (S. C. App. 1985), that Court specifically recognized the doctrine and addressed the factors which are to be considered in making such awards.

While this Court has yet to recognize such alimony by the term, "rehabilitative", we have considered and ruled upon family court awards for alimony which are based upon the premise that the recipient Wife is, or will in time, become self supporting. *Mason v. Mason,* 272 S. C. 268, 251 S. E. (2d) 198 (1979); *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963).

In *Mason* we stated:

> We have recognized that the ability of the wife to earn money in the future is a factor to be considered in establishing alimony. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963). However, under the circumstances of this case, we cannot conclude that the *future* or present *self-sufficiency of the wife* was adequately demonstrated by the evidence to justify the termination of her alimony on this basis, . . . .
>
> In light of the inadequacy of evidence to justify the temporary nature of this award, we conclude that the lower court erred in terminating Mrs. Mason's alimony after 26 weeks. [Emphasis supplied.]

*Mason, supra,* 272 S. C., at 270, 251 S. E. (2d) 198.

By our decision today we expressly recognize rehabilitative alimony awards, but caution bench and bar that they are valid only when established by evidence sufficient to support their temporary nature. More specifically, the record must demonstrate the self-sufficiency of the recipient at the expiration date of ordered payments.

In *Eagerton* the evidence was sufficient to support a rehabilitative alimony award. Here, as in *Mason,* it is insufficient.

Wife is 46 and without savings upon which to rely in event of the unexpected. She has no secretarial or industrial train-

ing. She has gone door to door as a salesperson for World Book encyclopedias, and has been sporadically employed at jobs requiring no experience or special skills.

While she testified to service as a substitute teacher, her involvement is obviously limited by lack of college education and, moreover, her high school diploma was obtained through the G.E.D. program.

The peril inherent in rehabilitative alimony is its contingency that the recipient will achieve self-sufficiency within the prescribed period.

In the case here that peril is underscored by the linking together of alimony and child support in the trial court's order:

> After considering the relevant factors, the Court finds that Respondent should pay Petitioner by way of alimony the sum of Three Hundred Fifty ($350.00) Dollars per month for a period of three years....
>
> During the period during which Respondent is to pay to Petitioner periodic alimony payments, the Petitioner will be in a better position to assume and meet a portion of the needs of the child. The Court finds, after considering all other relevant factors, during this interim period the Respondent should pay by way of child support the sum of One Hundred Fifty ($150.00) Dollars per month. At the end of the three year period, Respondent's obligation for alimony payments will end, thereby freeing additional moneys for the meeting of other expenses. The child support should and shall then be raised to the sum of Two Hundred Fifty ($250.00) Dollars per month.

It is patent that $150.00 per month is inadequate for child support, both in terms of the needs of the minor and the ability of Husband-father to pay, so that the three year award of $350.00 per month alimony was apparently intended by the trial court to, in effect, contribute to child support needs.

In a recent decision filed after this appeal, our Court of Appeals held automatic increases in child support at a designated future date are invalid. *Condon v. Condon*, 280 S. C. 357, 359, 312 S. E. (2d) 588 (1984).

We agree with the rationale in *Condon.* Increases or decreases in child support must be based upon evidentiary findings showing a change of condition at the time the modification is ordered.

We hold that the alimony of $350.00 per month shall continue but that Husband, after three years, may petition the family court for an evidentiary hearing to determine whether alimony should be terminated, reduced or continued. The matter of child support may also be reconsidered, bearing in mind the elementary rule that child support may be reviewed at *any* time.

In light of the inadequacy of the alimony and child support awards, and considering the best interests and welfare of the child, we agree with Wife that she should be granted possession of the marital home during the period of the child's minority. We are convinced from a reading of the entire record that the relative financial conditions of the parties make it impossible for the Wife and child to obtain suitable housing.

Our Court of Appeals has held that the relative equity of each spouse is one factor to be considered in awarding exclusive possession of the marital home. *Thompson v. Brunson,* 283 S. C. 221, 321 S. E. (2d) 622 (1984). In this case, the trial judge's order awarded husband a greater interest in the marital home. However, Wife's entitlement to possession is not defeated by this finding. The best interests and needs of the child are paramount. Moreover, the effect of our ruling does not impair Husband's interest in the home. His payments operate to increase his equity during the period of Wife's occupancy.

Husband shall continue to make mortgage payments on the marital home until the minor attains eighteen (18) or until the mortgage is satisfied, whichever occurs first. He shall also keep the house in proper repair during the period in question, and Wife shall protect the premises with due diligence. Upon the child's reaching eighteen (18) the provisions in the trial court's order for disposition of the residence shall be carried out.

## III. ATTORNEYS FEES

The record discloses that Wife paid her former attorney, now a family court judge, a fee of $150.00.

Considering this payment, the services rendered by her present attorney and the substantial income disparities between the parties, we find that Wife is entitled to an attorneys fee of $750.00, an increase of $350.00 in the amount awarded by the trial court.

Affirmed as modified and remanded.

NESS, A. C. J., GREGORY and HARWELL, JJ., and JULIUS H. BAGGETT, Acting Associate Justice, concur.