0669

Martha L. BACHELDER (formerly Martha L. Moore), Respondent
v. George H. MOORE, Appellant.

(343 S. E. (2d) 32)

Court of Appeals

Bradford N. Martin and Jack H. Tedards, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, for appellant.

Robert L. Stoddard and George H. Wood, of Moore, Stoddard & Wood, Spartanburg, for respondent.

Heard Feb, 17, 1986.

Decided March 31, 1986.

GARDNER, Judge:

Moore, the husband, appeals the dismissal of an action instituted by the wife to enforce a California divorce decree awarding her 41.4 percent of the gross military pension of the husband as a division of community property. We affirm.

The facts are undisputed. The former wife obtained an unappealed California divorce decree awarding her as community property 41.4 percent of the gross military pension of the husband. Upon failure of the husband to make the payments, the wife then instituted this action to enforce the California judgment.

In the meantime, the case of *McCarty v. McCarty*, 453 U. S. 210, 101 S. Ct. 2728, 69 L. Ed. (2d) 589 (1981), had been appealed to the U. S. Supreme Court, but at the time of the institution of this action, it had not been decided. This case was removed from the trial calendar. Then *McCarty* was published; it held the military pensions were not subject to the community property laws of California.

Subsequent to the publication of *McCarty*, Congress, in effect overruling *McCarty*, passed a statute providing that military pensions could be considered by the states as subject to community property laws. The wife then pursuant to her California judgment obtained an order from the Department of Defense paying her 41.4 percent of the former huband's pension.

After publication of *McCarty* the husband successfully moved to restore this case to the trial calendar. The appealed order provided, *inter alia*, that the South Carolina courts are without jurisdiction to collaterally attack the unappealed California order. The effect of the appealed order is to hold that, despite *McCarty*, a pre-*McCarty* unappealed divorce decree must be accorded full faith and credit by our courts. Whether the court erred in this ruling is the only issue of merit in this case.

■ While admitting that *McCarty* is not retroactive, the former husband, nevertheless, argues that, perforce of *McCarty*, the California court at the time lacked subject matter jurisdiction to hold that the former husband's military pension was community property; he contends that the law of South Carolina[1] should be applied. We disagree.

■ We hold that long-standing unappealed judgments of a state court should not be disturbed by a United States Supreme Court decision which is admittedly not retroactive. The rights of litigants vested by an unappealed state judgment cannot turn on the fortuity that an appeal to the United States Supreme Court in an unrelated case had been filed, thus preventing enforcement of an unappealed judgment. *See In Re Sheldon*, 124 Cal. App. (3d) 371, 177 Cal. Rptr. 380 (1981), *appeal dismissed*, 456 U. S. 941, 102 S. Ct. 2002, 72 L. Ed. (2d) 462 (1982); there the petitioner contended that a pre-*McCarty* California decision awarding his wife a percentage of his military retirement as part of a community property settlement was void for lack of subject matter jurisdiction. The U. S. Supreme Court rejected this

---

[1] In South Carolina, military retirement is not subject to equitable distribution; however, in *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983), our Supreme Court affirmed that the final decision concerning the treatment of military retirement funds remains with the individual states.

contention and dismissed the appeal on the ground that there was no "substantial federal question" presented.

The effect of *Sheldon* was recognized in *Armstrong v. Armstrong*, 696 F. (2d) 1237 (1983 9th Cir.) *cert. denied* 464 U. S. 933, 104 S. Ct. 337, 78 L. Ed. (2d) 306 (1983); there *Armstrong* sought a declaratory judgment in the Federal District Court that a California divorce decree awarding his wife 45 percent of his military retirement as community property was void for lack of subject matter jurisdiction. The court, in pertinent part, held:

> [T]he argument that *McCarty* rendered contrary state court judgments void for lack of subject matter jurisdiction was foreclosed when the United States Court dismissed the appeal of *In Re Marriage of Sheldon* [citations omitted] for want of a substantial federal question.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.