1725

Mildred Elizabeth SMITH, Appellant v.
Rudolph Lee SMITH, Sr., Respondent.

(418 S.E. (2d) 314)

Court of Appeals

*Coming B. Gibbs, Jr.,* of *Gibbs & Holmes,* Charleston, for appellant.

*Hans F. Paul,* N. Charleston, *for respondent.*

Heard Oct. 8, 1991.

Decided Nov. 12, 1991.

GARDNER, Judge:

Mildred Elizabeth Smith (the wife) brought this divorce action against Rudolph Lee Smith, Sr. (the husband). The appealed order equitably divided the marital property and denied the wife attorney fees. We affirm as modified.

## ISSUES

The two issues of merit are whether (1) the trial judge erred in evaluating the husband's pension, and (2) the trial judge erred by deducting from the wife's share of the marital property $6,000 paid by the husband to defray the cost of the wife's education as a registered nurse.

## FACTS

The parties were married in 1953 and separated on July 18, 1988.

The husband worked in the naval yard in Charleston and during that period a substantial contribution was made to a civil service retirement fund. The exact amount contributed is difficult to ascertain from the record. The husband, however, withdrew $23,921 from his contributions. As it stands, the husband's civil service retirement plan provides a gross monthly benefit of $2,526 until the husband becomes 65 years of age when the monthly benefit is reduced to $1,040. The reduction obviously is designed so that the husband and wife's social security monthly benefit combined with the civil service retirement benefit will amount to $2,526 per month. From the monthly gross, the government deducts, among other things, $183 as a premium for a survivorship benefit payable to the wife on the death of the husband.

The appealed order attempted to evaluate the husband's civil service pension as having a present day value of $43,991, the actual amount contributed by the husband. The trial court

allotted the wife one-third of his valuation of the present day value of the pension and deducted from it $6,000 which the husband had expended for the wife's education as a registered nurse.

As stated, the husband received $23,921 in cash upon retirement; he deposited this amount in the NCNB branch office in Summerville, South Carolina. The trial judge failed to include this in the martial property, but the wife failed to make a Rule 59(e) motion for reconsideration. For that reason, this Court is barred from ruling on this issue. *Talley v. SC Higher Educ. Tuition Grants,* 289 S.C. 483, 347 S.E. (2d) 99 (1986). There the court pointed out that prior to July 1, 1985, the effective date of the S.C. Rules of Civil Procedure, an issue which was raised before the trial judge but was not ruled upon by the trial judge and no timely motion was made to correct the oversight was not preserved for appeal. Rule 59(e) S.C.R.C.P. simply codified this pre-existing law.

Additionally, the trial judge failed to make an award to the wife of an interest in a timeshare condominium at Hilton Head Island; the wife failed to make a 59(e) S.C.R.C.P. motion and therefore failed to preserve the issue for appeal.

I.

We hold that the trial judge erred in valuing the husband's civil service pension. This is obvious from an examination of what he did and the applicable facts. At the time of the divorce, according to S.C. Code Ann. § 19-1-150 (1976), the husband had a life expectancy of 19.74 years and the wife had a life expectancy of 23.67 years. As stated, the monthly benefit of the pension is $2,526 or on an annual basis $30,312 until the husband reaches 65 years of age. With these figures, it becomes obvious, on first blush, that a valuation of $43,991 for the total pension is not tenable. It becomes equally obvious that in order to evaluate the present cash value of a pension, the testimony of an actuary is essential. A valuation of the present day value of a pension involves complicated procedures of actualization; testimony about these procedures and their application to the facts of each case must be placed

in the record for the trial judge's consideration and, of course, for the consideration of the court upon appeal.

In *Martin v. Martin*, 292 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988) this Court recognized the two common methods of valuing pensions, which are: (1) present cash value, and (2) distribution from each payment. Since we have no actuarial evidence of record, we modify the appealed order by adopting the "distribution from each payment" method of valuation.

Using the "distribution from each payment" method of valuation of the monthly payment of $2,526, we modify the division of the pension so that the wife shall receive one-third of the monthly payment of $2,526 less $183 which is deducted as the premium for the survivorship benefit payable to the wife. Thus, the wife will receive $659 (one-third of $2,526 less $183). The husband is to receive the balance of the monthly payment which is $1,684. These figures apply only until the husband reaches 65 years of age when the monthly benefit of the pension will be reduced to $1,040; at that time the portion of the pension allotted to the wife will be reduced proportionately and, of course, the wife shall receive, if she so elects, that part of the social security payment derived from the husband's social security account which is provided for the wife.

## II.

The trial judge provided that from what he held to be the present cash value of the pension, there be deducted $6,000 which the husband contributed to the wife's education as an RN. We have modified the method of valuation of the pension and in our equitable distribution disregard the $6,000 contribution of the husband to the wife's education. The husband intentionally withdrew $23,921 from the contributions he had made to the pension fund and thereby greatly reduced the monthly benefit he would receive and, of course, the value of the remaining part of the pension. As noted, we hold that because of the wife's failure to make a 59(e) motion, the $23,921 cash the husband withdrew is not part of the marital property. This does not deprive us of giving weight in such proportion as we find appropriate to the existence of this property. *See* S.C. Code Ann. § 20-7-472(7)

(1976) (as amended). We accordingly hold that the husband is not entitled to an offset for the contribution he made to the cost of the wife's education as an RN. *See Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989) for a discussion of those situations in which a spouse takes the benefit of his spouse's support in obtaining a professional degree or license with the understanding that future benefits will accrue and inure to both of them. There the Supreme Court stated that it favored the "all relevant factors" approach to the consideration of reimbursement by equitable division or alimony in these cases.

We find no merit to the exception of the wife by which she contends that the trial judge abused his discretion in failing to award her attorney fees and, further, we find no merit to the wife's contention that the equitable division of the marital property other than the husband's pension was erroneous or an abuse of discretion. We hold that the preponderance of the evidence supports the findings of the trial judge as to everything except the valuation and distribution of the husband's civil service pension and the offset of $6,000 for the husband's contribution to the wife's education. Accordingly, the appealed order is affirmed in every respect except as is herein modified.

## CONCLUSION

For the above reasons, we adopt the "distribution from each payment" method of valuation of the husband's pension and therefore modify the appealed order in the valuation and distribution of the pension in the manner indicated.

For the reasons stated in our modification of the equitable division of the husband's civil service pension, we do not allow an offset for the husband's contribution to the wife's education. Accordingly, the appealed order is affirmed as modified.

Affirmed as modified.

SANDERS, C.J., and GOOLSBY, J., concur.