2327

Gail M. FREEMAN, Appellant v. Robert D. FREEMAN, Respondent.

(457 S.E. (2d) 3)

Court of Appeals

*Douglas K. Kotti* and *Harvey L. Golden,* Columbia, *for appellant.*

*Robert D. Freeman,* Ponte Vedra, Florida, *pro se, for respondent.*

Submitted Feb. 7, 1995.

Decided Apr. 3, 1995.

SHAW, Judge:

In this domestic litigation, the family court denied alimony and attorney's fees to the wife and divided the marital property between the parties. The wife appeals. We affirm in part, reverse in part, and remand.

Gail and Robert Freeman were married in December of 1978. They have no children born of this marriage. At the time they married, Gail Freeman owned three dance studios in Georgia and Robert Freeman worked in real estate. Mr. Freeman encountered financial difficulties in the real estate business and, therefore, went into the life insurance business with A.L. Williams Company. The Freemans moved from Georgia to Columbia, South Carolina, to further develop the insurance business. Gail Freeman sold her dance studios and placed the proceeds in her separate name. Mrs. Freeman became actively involved with her husband in A.L. Williams Company assisting him in setting up a business office, recruiting and training individuals to work in his organization, and producing training videos and newsletters. The Freemans worked together for approximately eight years. Robert Freeman attained the position of regional vice president with A.L. Williams Company. Mrs. Freeman testified she did not receive a salary, but she and Robert Freeman worked together as a partnership, and they considered the future renewal commissions he would receive from the life insurance sales to be for their joint benefit. Mrs. Freeman left the insurance business and established her own video production business after she and Robert Freeman separated in 1988. Mr. Freeman now resides in Florida and is no longer employed by A.L. Williams Company.

In its order, the family court denied Gail Freeman's request for alimony and attorney's fees. The court held Robert Freeman was the sole legal and equitable owner of all earnings derived from A.L. Williams Company and Gail Freeman was the sole owner of her video production company and all income derived from it. The court held the future renewal commissions to be received by Robert Freeman from his employment with A.L. Williams Company were not a marital asset subject to division.

## I.

Gail Freeman argues the court erred in failing to award her reimbursement alimony because she made extensive contributions during the marriage to the insurance business operated by Robert Freeman. We find no error.

S.C. Code Ann. § 20-3-130(B)(4) (Supp. 1993) provides the family court may award reimbursement alimony in a finite sum. The statute states "[t]he purpose of this form of support may include, but not be limited to, circumstances where the court finds it necessary and desirable to reimburse the supported spouse from the future earnings of the payor spouse based upon circumstances or events that occurred during the marriage." This type of alimony has been applied in South Carolina to the situation where one spouse takes the benefit of the support of the other spouse while obtaining a professional degree or license. *Donahue v. Donahue,* 299 S.C. 353, 384 S.E. (2d) 741 (1989). We find no error in the denial of reimbursement alimony under the facts of this case.

## II.

Gail Freeman contends the court erred in failing to require Robert Freeman to repay her $12,100 as evidenced by a demand promissory note. She testified she loaned $10,000 to Robert Freeman from her personal nonmarital funds to assist him in starting his insurance business and he signed a $10,000 promissory note. She stated he also improperly converted an additional $2,000 of her nonmarital funds during the marriage and he thereafter changed the promissory note to reflect a $12,100 debt. Mr. Freeman did not object to the admission of the note nor did he present any evidence to rebut Mrs. Freeman's testimony, but admitted the amended note was not paid. The court's order does not address this issue and Mrs. Freeman brought this omission to the court's attention in her motion to amend. The court did not amend its order.

We find the family court judge erred in failing to address the issue of the $12,100 note. The relief sought is incidental to the marital litigation and the family court clearly has jurisdiction to consider the matter. *See* S.C. Code Ann. § 20-7-420(2) (Supp. 1993) ("[t]he family court shall have exclusive jurisdic-

tion to hear and determine actions: . . . for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage"). We therefore remand this issue to the family court.

### III.

The primary issue raised by Mrs. Freeman is the failure of the court to award her a percentage interest in future renewal commissions to be received by Robert Freeman from A.L. Williams Company for insurance sold by Mr. Freeman or his agents during the time of the marriage. The uncontested evidence of record shows numerous contributions Mrs. Freeman made for an eight-year period to the growth of Mr. Freeman's insurance business. Mrs. Freeman seeks to receive a percentage without any reduction for a federal income tax lien of $112,000 in place against Mr. Freeman's renewal commissions.

In this state, marital property is statutorily defined as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . regardless of how legal title is held. . . ." S.C. Code Ann. § 20-7-473 (Supp. 1993). The appellate courts of this state have not specifically considered whether future renewal commissions on insurance policies sold by a spouse during marriage, but paid after dissolution of the marriage, are marital property subject to equitable distribution. We find future renewal commissions, based on policies sold during the marriage, are marital property subject to equitable distribution.

Like military retirement benefits, renewal commissions are essentially compensation for past services, and those benefits accrued during marriage constitute a joint investment of both parties. *See Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991) (holding military retirement benefits constitute an earned property right which, if accrued during the marriage, is subject to equitable distribution). We are further persuaded by the reasoning of the Maryland court in the case of *Niroo v. Niroo*, 313 Md. 226, 545 A. (2d) 35 (1988) wherein the court found such commissions to be marital property. There, the court stated that renewal commissions are "the type of work-related income encompassing a part of the compensation package developed during the marriage by one

of the spouses that each could have justifiably relied upon to provide for their economic future." *Id.* at 40. Unlike the *Niroo* decision, the record in this case contains no expert testimony addressing the question of the present value of the future renewal commissions. While certain financial statements from A.L. Williams Company were introduced into evidence, Mrs. Freeman has not presented this court with any concrete argument about the amount of future renewal commissions. Therefore, at best, this court can only determine that Mrs. Freeman should be entitled to some percentage of the future renewal commissions under the "distribution from each payment method" of valuation. *See Smith v. Smith*, 308 S.C. 372, 418 S.E. (2d) 314 (Ct. App. 1991). This method of valuation has the additional benefit of removing some of the uncertainty as to the amount of the future commissions. We therefore reverse and remand for a determination of the percentage to which Mrs. Freeman is entitled. We further remand for determination of the tax issue relative to these commissions.

## IV.

Finally, Gail Freeman asserts the court erred in failing to award attorney fees and costs to her. In light of our reversal, we remand this issue for reconsideration.

Affirmed in part, reversed in part, and remanded.

GOOLSBY and HOWARD, JJ., concur.